Johs J. McCall, J.
A motion has been made by the corporate defendant for -an order of the court directing the attorney for the defendant be entitled to inspect and copy or photograph (1) a record of the Grand Jury testimony given by the defendant, through its officers, agents or employees, pursuant to CPL 240.20 (subd. 1, par. [a]) (2) all books, records and papers belonging to the defendant or obtained from the defendant pursuant to a subpoena duces tecum, pursuant to CPL 240.20 (subd. 3). The defendant corporation has been indicted for violation of section 175.35 of the Penal Law for offering false instruments for filing and for violation of section 155.35 of the Penal Law by committing grand larceny, second degree. Both indictments charge the corporation acted by its agent and vice-president Joseph L. Leto, Jr. It is stated that Joseph Leto testified before the Grand Jury pursuant to subpoena and produced the corporate records pursuant to the subpoena duces tecum.
Section 240.20 is entirely new and it is New York’s first attempt to codify the law of discovery in a criminal proceeding. Heretofore only the Federal jurisdiction and a few States attempted codification and decisional law, if any, prevailed in most places with varying conclusions as to what should be permitted in the way of discovery. Present trends have been toward liberalization and in 1966, the pretrial discovery portion (rule 16) of the Federal Rules óf Criminal Procedure was substantially amended with a view to liberalization and an expansion of the permitted area. The New York statute with some structural and phraseological alterations is an adoption in substance of rule 16.
Paragraph (a) of subdivision 1 of CPL 240.20 reads as follows : ‘ ‘ Such discovery must be ordered with respect to property consisting of (a) A record of testimony given by such defendant before the grand jury.” Subdivision (a) of the Federal Rule 16 is identical in terms. The People here assert that the word ‘ ‘ defendant ’ ’ applies to individual defendants *349 only, that testimony of agents, servants and employees of corporations is not meant to be included and really assert that the relief is not available to a corporate defendant.
The newness of the statute brings about the situation of there being no reported case involving interpretation of the point involved. In our pioneering, so to speak, resort must be had to the interpretation given the parent rule by the Federal courts. In United States v. Hughes (413 F. 2d 1244) the precise question here presented was considered. The Government argument there paralleled that of the District Attorney here. Inspection of the testimony of present and former officers was allowed. Among other things the Federal tribunal stated (a) a denial of the right would run contrary to the present trend in the law to expand rather than to restrict discovery (b) the corporation has no immunity and the privilege against self incrimination is the quid pro quo for limited discovery (c) under the prior rule there was freely granted discovery to corporations, the requirement then being that nondisclosure was the norm and the defendant had to justify. If, said the court, corporate discovery is to be limited, the liberalization by which disclosure becomes the norm the obvious purpose of the revision of the whole Federal rule will not come to pass.
The Hughes decision was followed in United States v. Stone (319 F. Supp. 364 [S. D. N. Y. 1970]). No showing of need was made in either of these two cases and the People here cite two Federal cases James v. United States (416 F. 2d 467 [C. A. 5th 1969]) and United States v. Anselmo (319 F. Supp. 1106 [E. D. La., 1970]) as indicating such need must appear. The cited cases were dealing with motions made under subdivision (b) of rule 16 and subdivision (e) of rule 6 and are not germane to the present motion for testimony discovered under the New York version of paragraph (3) of subdivision (a) of rule 16.
As for the second portion of the motion, the records involved are with the District Attorney by virtue of his subpoena; they do belong to the defendant and it is obvious that they could be needed in his defense, as the District Attorney thought they would be of aid to the prosecution.
The motion is granted in all respects.