John J. McCall, J.
Defendant above named herein moves that the court issue an order of discovery, pursuant to the provisions of CPL 240.20. The items sought to be discovered, as set forth in the notice of motion, are (a) written or recorded statements made by the defendant to the District Attorney, his assistants or any law enforcement agencies, (b) a transcription of oral statements made to the same people, which were reduced to writing or if not so reduced, then to provide with the substance of the latter statements, (c) inspection of certain lottery tickets alleged to be forged instruments, (d) reports, documents and writings relative to scientific tests made on the same tickets, (e) statements of all persons alleged to be conspirators and now under indictment by the Grand Jury, (f) list of witnesses who appeared before the Grand Jury, (g) any tangible evidence, used to exculpate or provide mitigating factors in connection with the defendant’s alleged commission of the crimes set forth in the indictment.
In approaching its decision on the instant motion, the court deemed it prudent to observe the present and historical place of discovery in our criminal jurisprudence structure. For a long time discovery was not a right accruing to the defendant, either in. Federal or State jurisdictions. It first made its appearance in decisional law and only the Federal jurisdiction and a few States have attempted to codify principles. Federal statutory rule first came with the rule 16 of Criminal Procedure (U. S. Code, tit. 18, Appendix) and that rule was materially expanded and liberalized in 1966. All this time New York courts have moved on an ad hoc basis and rules enumerated in the cases were for a long time restrictive. A trend toward liberalization set in, and the present new statute is New York’s first attempt at codification. With some structural and phraseological change section 240.20 is, in substance, an adoption of Federal rule 16 as amended in 1966.
Attitude should play an important role in interpretation. In days gone by strict adherence to the cardinal principles of the adversary system meant keeping the defendant in the dark and requiring him to meet by way of defense at trial all that which the prosecutor brought forth. The supporting rationale for the conservative position seemed to be that the defendant had enough protection and perhaps advantage in the presumption of innocence and the privilege against self incrimination. The approach seems to be that a game was being played and the *1099 tactics employed by respective counsel were the thing to be judged or justified. All lost sight of the fact that the law exists to administer justice and the rights of either .side must yield to reach that end. On the other side of the coin, no prosecutor can be expected to do his duty and at the same time be required to lay bare his entire case to permit the defendant to have free rein in pretrial attack thereon. Balance must be sought between the both positions. Appropriate seem the words of the court in United States v. Westmoreland (41 F. R. D. 419, 425) “ The court is not unmindful of the desirability of maintaining the efficacy of the adversary system as a means of administering justice — justice based on truth — truth from [both] sides, bearing in mind the constitutional protections of the defendant ”.
Permissible discovery should be that which the statute now permits, the unpermissible is that which is not authorized by the rule or forbidden by it. Lists of Grand Jury witnesses are not to be allowed and the demand for them here is denied. Likewise codefendants’ statements or those of coconspirators. The Federal rule, the prototype of section 240.20 was never interpreted as allowing the lists (United States v. Mesarosh, 13 F. R. D. 180 and like reading was had of it with reference to codefendan(:s’ statements, both before and after the 1966 amendment thereto, United States v. Van Allen 28 F. R. D. 329; United States v. Abrams, 29 F. R. D. 179; United States v. Westmoreland, 41 F. R. D. 419, supra; United States v. Mahany, 305 F. Supp. 1205, supra; United States v. Gardner, 308 F. Supp. 425). The best course seems to be to follow the interpretation of the Federal rule here and deny discovery of the statements of coconspirators or codefendants as involved. As this court has heretofore observed in People v. Leto Bros. (70 Misc 2d 347), the parent rule is the best guide for interpreting section 240.20.
Pretrial discovery of exculpatory evidence is likewise not available under the statute. Suppression of such evidence is certainly a violation of due process and rights of the defendant (Brady v. Maryland, 373 U. S. 83), yet Federal jurisdiction has declined to extend that case to a point where it permitted a new disclosure device. In United States v. Zirpolo (288 F. Supp. 993), dealing with the subject of disclosure, the court said the Brady rule was merely a cogent reminder that the prosecutor must first seek justice, not conviction and that the appropriate remedies are available to correct abuse that arises out of suppression. In United States v. Cobb (271 F. Supp. 159), pretrial disclosure of exculpatory matter was denied. It *1100 was there pointed out that what is ‘ ‘ exculpatory ’ ’ is often a matter of differing opinions and that the conflict can only be resolved in the light of the other evidence at trial. Declaring that there.was an impossibility of evolving a practicable rule as to discovery of such evidence, the court stated the conscience of the prosecutor must be allowed to operate subject to the sanction of a mistrial or reversal if he delays the disclosure of that which is obviously exculpatory. This court feels that there must be reliance on the presumption that the prosecutor will perform his duty not to suppress. The request of the defendant, therefore, for a statement as to exculpatory evidence is denied here.
In summary here, demands of the defendant marked 1 through 4 are granted since they deal with matter that must be or may be allowed under the statute and demands 5 through 7 are denied since the statute does not authorize the same.