**UNITED STATES of America,**
**Appellee,**

v.

**Zali FRIED, Appellant.**

**No. 133, Docket 73–1776.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 24, 1973.

Decided Oct. 12, 1973.

---

4. 12A O.S.A. 3–409(1) ; Mid-Continent Cas. Co. v. Jenkins, 431 P.2d 349 (Okl.1967) ;

First Nat'l Bank v. Whitelock, 181 Okl. 431, 74 P.2d 355 (1937).

Nathan Lewin, Washington, D. C. (Miller, Cassidy, Larroca & Lewin, Washington, D. C., Steven H. Thal, Thal & Youtt, New York City, of counsel), for appellant.

Bernard J. Fried, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E.D.N.Y., L. Kevin Sheridan, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for appellee.

Before KAUFMAN, Chief Judge, and MOORE and MANSFIELD, Circuit Judges.

PER CURIAM:

Following a jury trial before Judge Bartels, Zali Fried was convicted of unlawful possession of some 589 cartons of Unisonic AM–FM stereos stolen from a foreign shipment of freight, 18 U.S.C. § 659 (Count 2), and of unlawful sale of the stolen goods, 18 U.S.C. § 2315 (Count 3). She was sentenced to three years' imprisonment and a $5,000 fine on Count 2 and a subsequent two-year period of probation on Count 3. On appeal this court affirmed the conviction. 464 F.2d 983, cert. denied, 407 U.S. 911, 92 S.Ct. 2437, 32 L.Ed.2d 684 (1972). Subsequently, Mrs. Fried moved pursuant to Rule 33, F.R.Cr.P., for a new trial, alleging that the prosecution had suppressed several pieces of material information. After an evidentiary hearing Judge Bartels, 359 F.Supp. 227, denied the motion, finding that the suppression was not deliberate and that the suppressed or newly discovered evidence would not in any case have affected the jury's verdict. We reverse the order insofar as it relates to Count 3 and remand for a new trial on that count. Otherwise the order is affirmed.

The principal item of information which the government failed to disclose to the defense was the pendency in the Southern District of New York of an indictment against Joseph Levy, a key government witness, charging him with receiving other stolen goods (a shipment of clothing stolen from a pier). The indictment was particularly significant for the reason that if it had been disclosed by the government the defense would have used it to impeach Levy's credibility and would have urged that he was testifying favorably for the government against Mrs. Fried in the expectation that he would be accorded leniency in the pending case against him. See United States v. Bonanno, 430 F.2d 1060 (2d Cir.), cert. denied, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970); United

States v. Campbell, 426 F.2d 547, 549 (2d Cir. 1970). Indeed, as matters turned out Levy was later convicted after a trial in the Southern District of New York and the prosecutor in the present case wrote a letter to the sentencing judge pointing out the importance of Levy's testimony against Mrs. Fried. Thereafter Levy received a suspended sentence and $1,000 fine. In addition, since the indictment against Levy charged him with the same type of offense as that leveled against Mrs. Fried (receiving goods stolen off a pier), a jury might have reasoned that Levy may have been implicating Mrs. Fried in order to exculpate himself in the present case.

At the conclusion of the post-trial hearing Judge Bartels found that the prosecutor's non-disclosure of the indictment, though careless, was not deliberate. With some reluctance we accept this finding which has evidentiary support in the testimony of the prosecutor himself. Surely the average competent prosecutor would quickly recognize the importance and value of this information to the defense, even in the absence of a request for it. Such negligence hardly adds lustre to an important government office whose aim should be to achieve justice rather than merely to obtain convictions.

■■ Accepting the view that this was a case of negligent non-disclosure, we are governed by the rule that a new trial may be ordered only upon a showing that there is a significant chance that the non-disclosed item, developed by skillful counsel, could have induced a reasonable doubt in the minds of enough jurors to avoid a conviction. See United States v. Miller, 411 F.2d 825 (2d Cir. 1969); cf. United States v. Bonanno, 430 F.2d 1060 (2d Cir.), cert. denied, 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970). We find that this test has been met as to Count 3, which was based entirely on the sale of stolen goods. Since the government's case against Mrs. Fried in support of Count 3 rested almost entirely on Levy's testimony, it is clear that if the indictment against him for possession of other stolen goods had been revealed by the government his credibility would probably have suffered a severe blow. There is therefore a significant chance that such a material disclosure would have raised a sufficient doubt in the minds of enough jurors to negate conviction.

■ We cannot conclude that such evidence might have induced a similar doubt with respect to Mrs. Fried's guilt on Count 2, which charged unlawful possession of stolen goods, including stereos other than those sold to Levy. That count was established by proof wholly independent of Levy's testimony. For instance, William Hendler, a Philadelphia appliance dealer, testified that on October 28, 1970, Mrs. Fried induced him to purchase 15 cartons of stereos later proved to have been stolen, which were shipped to him from a non-existent concern, G. S. Trading Company, 55 Avenue A, New York City. Later she called him once or twice and offered to sell him other merchandise. This testimony by Hendler, which remains untainted by the impeaching effect of the disclosure of Levy's indictment, provides an ample independent basis for the verdict finding Mrs. Fried guilty on the possession count.

To the extent that Mrs. Fried's additional arguments are directed toward impeachment of Joseph Levy's credibility (e. g., that he gave perjured testimony) our foregoing disposition renders further discussion of that issue unnecessary. We find no merit in the other grounds urged in support of a new trial. There is no showing that evidence regarding seizure of some of the stolen stereos in the possession of so-called "legitimate" purchasers could not have been uncovered with due diligence prior to trial. Indeed, the witness Kalman Lax was called by the defense and gave testimony as to seizure of cartons in his store. Since the earlier arrest of the witness Serhofer on charges of grand larceny and receipt of stolen property was unknown to the government, the in-

formation was not suppressed. Furthermore, it does not rise to a level that would warrant a new trial. See United States v. Kahn, 472 F.2d 272, 287 (2d Cir.), cert. denied, 411 U.S. 982, 93 S.Ct. 2270, 36 L.Ed.2d 958 (1973).

The order of the district court denying a new trial of Count 3 is reversed and the case is remanded for a new trial of that count. In all other respects the district court's order is affirmed.