Burton B. Roberts, J.
This is an application by defendants for an order directing the District Attorney to furnish them with certain police and prosecution files prior to trial under the authority, it is claimed, of Brady v. Maryland (373 U. S. 83).
Defendants have been indicted for the double murder of two New York City police officers. A pretrial “ omnibus ” defense motion before another Justice made .the standard general demand that the prosecution turn over evidence favorable to the defense, pursuant to the Brady rule. In reply came the customary statement that the District Attorney’s office was aware of its obligation and would comply with the law. The court’s decision, routine as well, was a formal direction to the People to disclose any such material. Conventionality ended, however, when an Assistant District Attorney submitted an affidavit containing the following information:
“ Two people, one of whom has recanted, and the other of whom has disappeared, once claimed they saw another man not *526 one of these defendants near the scene of the killings with a pistol. This other man could not have been one of the killers.”
Defendants thereupon moved for disclosure of the names and addresses of the indivduals referred to. The People complied in their 'answering papers, which stated: “At one time Terry Grant of 312 East 90th Street, New York City, and Michael Harris of 111-23 131st Street, Queens, told the police that they saw one Jerry Baker of 203 West 111th Street, New York City with a gun near the scene of this vicious crime. They have both recanted under oath and now state that Baker was not seen at or near the place of the murders.”
Now comes the instant motion before me, seeking: “All statements or police forms or reports which reflect the statements or investigation of the statements of Terry Grant and Michael Harris regarding their naming, one Jerry Baker as the perpetrator of this act and reflecting the circumstances of their recantation under oath.”
This the People oppose on the grounds that the prosecution has fully complied with the requirements of Brady and that the requested items are nondiscoverable “exempt property” under CPL 240.10 and OPL 240.20.
The well-known holding of Brady v. Maryland (supra, p. 87) is that ‘ ‘ the suppression by the prosecutioin of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” (Moore v. Illinois, 408 U. S. 786, 794.) Unlike the situation in the case at bar, however, Brady itself was a motion for posttrial review of the prosecution’s conduct upon an allegation that certain favorable evidence had been suppressed. The doctrine also developed in the context of such post-conviction proceedings. (United States v. White, 450 F. 2d 264; see, e.g., cases cited in Giles v. Maryland, 386 U. S. 66, 73.). This request for disclosure raises the less celebrated issue of the significance of Brady in a pretrial setting.
As a discernible result of the posttrial nature of its evolution, much of the existing authority — which is almost all Federal'— declines to impose a pretrial duty on the prosecutor or to recognize a corresponding defense remedy or concomitant trial court supervisory function in furtherance of the Brady principle prior to trial. (E.g., United States v. Cole, 449 F. 2d 194; United States v. Moore, 439 F. 2d 1107; United States v. Evanchik, 413 F. 2d 950; United States v. Zive, 299 F. Supp. 1273; United States v. Manhattan Brush Co., 38 F. R. D. 4 *527 [S. D. N. Y.].) The rationale given is that the Brady holding merely forbids “suppression”, interpreted as a standard of performance reviewable only against the background of a trial, and therefore did not create an affirmative obligation .to turn over favorable material at any stage prior to the trial. It is also reasoned that Brady material is not a class of information available to the defense under rules of pretrial discovery and is therefore unobtainable prior to trial. Illustrative is the following passage, which is also from the only New York case my research has disclosed to have commented on a request for pretrial Brady disclosure:
1 ‘ Pretrial discovery of exculpatory evidence is * * * not available under the statute. Suppression of isuch evidence is certainly a violation of due process and rights of the defendant [citing Brady], yet Federal jurisdiction has declined to extend, that case to a point where it permitted a new disclosure device. In United States v. Zirpolo (288 F. Supp. 993), dealing with the subject of disclosure, the court said the Brady rule was merely a cogent reminder that the prosecutor must first seek justice, not conviction and that ,the appropriate remedies are available to correct abuse that arises out of suppression. In United States v. Cobb (271 F. Supp. 159), pretrial disclosure of exculpatory matter was denied. It was there pointed out that what is ‘ exculpatory ’ is often a matter of differing opinions and that the conflict can only be resolved in the light of the other evidence at trial. Declaring that there was an impossibility of evolving a practicable rule as to discovery of such evidence, the court .stated the conscience of the .prosecutor must be allowed to operate subject to the sanction of a mistrial or reversal if he delays the disclosure of that which is obviously exculpatory. This court feels that there must be reliance on the presumption that the prosecutor will perform his duty not to suppress.” (People v. McMahon, 72 Misc 2d 1097, 1099-1100.)
The instant case provides a suitable occasion for further discussion of the role of lBrady prior to trial.
Evidence which is favorable to a defendant belongs to him. An imbalance in investigative resources often finds it in the hands of the prosecutor who, as a quasi-judicial officer bound to seek justice, holds it in trust for the defense. It is also axiomatic that due process requires that the accused be permitted to fully and equally participate in the truth-finding process of a fair trial. This includes, of course, the fundamental right •to present evidence favorable to 'his case.
*528 The rationale underlying the Brady rule ¡thus has two interrelated aspects. Conduct detrimental to the integrity of the judicial system must be deterred. (People v. Savvides, 1 N Y 2d 554.) Also, withholding from ia person accused of crime evidence which is rightfully his curtails his participation in the search for truth and thereby impairs the validity of the fact-finding process. (See Simos v. Gray, 356 F. Supp. 265.)
Brady itself does not limit the disclosure of favorable evidence to any particular stage in the proceedings. It states that suppression of such evidence “ upon request” violates due process. While the phrase “upon request” seems to indicate that suppression can occur when favorable evidence is not thereupon promptly given to the defense, there is no explicit direction indicating a relationship between the timing of the request and when compliance must be made.[1] Logically, however, the rationale behind requiring the disclosure of favorable evidence clearly indicates that it is not adequate compliance with due process when information furnished the defense is either too little or too late for the defendant to make the fullest use of it at the trial. “ No respectable interest of the State is served by its concealment of information which is material, generously conceived, to the case, including all possible defenses.” (Giles v. Maryland, 386 U. S. 66, 98, supra [Fortas, J., concurring].) If the accused is to be a full-fledged participant in the truth-finding process, then, favorable evidence in the People’s possession should be made available at the earliest possible opportunity in advance of trial to allow the defense sufficient time to investigate, evaluate, prepare and present it at the trial. (United States v. Partin, 320 F. Supp. 275.) Otherwise, the defendant is “ entirely at the prosecution’s mercy, protected only by the prosecutor’s slim duty to reveal evidence he might come upon which [is] favorable to the defense *' * * This is hardly an adequate substitute for an independent investigation conducted by defendant’s own counsel.” (United States v. Jordan, 466 F. 2d 99,107 [Sobeloef, J. dissenting].) The prosecution should not be privileged to *529 decide for the defendant what is useful. (Griffin v. United States, 183 F. 2d 990, 993.)
Of course the favorable character of certain information or its ¡potential value to the defense cannot always he predicted by the prosecution in advance of trial. Also, some favorable evidence could not possibly have any meaningful or bona fide relationship to the defendant’s preparation for trial. Withholding evidence in the former case is unavoidable and it is harmless in the latter instance. But retaining favorable evidence which would obviously have significant bearing on the conduct or preparation of the defense unfairly limits its usefulness to the defense and its potential for development before the trier of fact. To do so is clearly suppression in violation of Brady.
One type of favorable evidence which is invariably favorable and significant to the pretrial activity of the defense is that which may be termed “ exculpatory ”, that is, evidence which extrinsically tends to establish defendant’s innocence of the crimes charged, as differentiated from that which, although favorable, is merely collateral or impeaching. This type of evidence can and should be made available in advance of trial to allow the defense adequate time to investigate, evaluate, prepare and present it, if it so desires.
In the instant case, defendants are entitled to the pretrial disclosure of all evidence probative of a theory that a different individual was the killer, if indeed any such evidence exists. The People claim they have fully complied with Brady by revealing the information they have already set forth in their affidavits in response to the prior motions. It may well be that this is the case, but this court is not prepared to make that decision without examining the material which is the subject of the instant request for any further evidence or details supporting or defining such a theory. If this evidence or these details exist they belong to the defense. Compliance with Brady cannot be made with clue-dangling or gamesmanship in place of full disclosure.
A significant defect in the view that Brady is inapplicable prior to trial is that it allows the defense no remedy in a situation such ¡as this. Contrary to the ruling in the McMahon case (supra), there should be an appeal to the trial court from the prosecutor’s conscience when there is a reasonable question over whether he has fully complied with his constitutional duty. (United States v. Hibler, 463 F. 2d 455.)
It should be stated parenthetically that reliance on even the most dutiful prosecutor can never be fully sufficient since *530 Brady, by its own .terms, is violated if favorable evidence is suppressed ‘ ‘ irrespective of the good faith or bad faith of the prosecution.” (373 U. S. 83, 87.) And, as has been pointed out, even the ideal prosecutor is not always in a position to know what will be helpful to the accused. (Dermis v. United States, 384 U. S. 855; United States v. Jordan, 466 F. 2d 99, supra.) Nor is he necessarily aware of all potentially exculpatory evidence in the possession of the investigating officers, on behalf of whom his Brady responsibility vicariously extends. (People v. Slaughter, N. Y. L. J., Nov. 8, 1973, p. 17, col. 5 [N.Y. County, Sup. Ct.]; Barbee v. Warden, 331 F. 2d 842.) More significantly, every prosecutor is a human being fighting in a tough adversary system, and the right of an accused to have evidence material to his defense .should not depend solely upon the discretion or benevolence of his accusers. (Williams v. Dutton, 400 F. 2d 797, 800; see United States v. Jordan, supra.)
To say that reliance on the prosecutor’s good will leaves something to be desired is one tiling. Devising a practical alternative prior to trial is another matter. For pragmatic reasons the court cannot, become involved in screening the People’s file in every case, nor can the defense, for obvious reasons, be permitted to do such rummaging for itself. (Williams v. Dutton, supra; United States v. Eley, 335 F. Supp. 353.) The result is that the prosecutor must of necessity have a great deal of initial discretion oVer what is torhe disclosed. (See People v. Fein, 18 N Y 2d 162, 172.) But where, as here, there is a controversy in which the court has a factual basis for believing that the District Attorney may be in possession of exculpatory evidence, total reliance upon the prosecutor is no longer necessary and may be unjustified. The trial court’s supervision should then begin. (United States v. Hibler, 463 F. 2d 455, supra; United States v. Isaacs, 347 F. Supp. 743.) A reviewing court is not in a position to know what effect evidence would -have had, had it been disclosed. Posttrial review often requires answering this most difficult question by pure speculation (see Levin v. Clark, 408 U. S. 1209) and hindsight too often affected by the sobering influence over any tendency to reverse when the innocence of1 the accused has not been demonstrated. (See Friendly, Is Innocence Irrelevant 1 Collateral Attack on Criminal Judgments, 38 U. of Chi. L. Rev. 142 [1971].) Examination by the trial court is free of these handicaps. (See Williams v. Dutton, supra.)
There still remains to be dealt with the People’s contention that the requested items are, as they validly point out, non- *531 discoverable ‘ exempt property ’ ’ under CPL 240.10 and CPL 240.20. It is fallacious to deny pretrial disclosure of Brady material on the theory that it is not a category of permissible discovery. The fallacy is equating the. Brady concept with pretrial discovery. Discovery concerns the pretrial disclosure of prosecution evidence. The procedure is statutory and largely discretionary. (CPL 240.20.) Brady, on the other hand, is a constitutional mandate which requires the disclosure of defense evidence in the possession of the prosecution. “ The purpose of the duty [under Brady] is not simply to correct an imbalance of advantage, whereby the prosecution may surprise the defense at trial with new evidence; rather, it is also to make of the trial a search for the truth informed by all relevant material, much of which, because of an imbalance in investigative resources, will be exclusively in the hands of the Government.” (United States v. Bryant, 439 F. 2d 642, 648.) (See, also, Giles v. Maryland, 386 U. S. 66, 101-102, supra [Fortas, J. concurring].) A more tenable issue involving the relationship of the Brady doctrine to pretrial discovery does arise in the instant case where the information sought prior to trial under Brady would not be discoverable in advance of trial due to some privilege or exemption in the law governing discovery. But nondiscoverable status has never been an absolute barrier to disclosure in the ordinary case (People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24), and the rationale behind such exemptions, considered obsolescent in many circles (see People v. Wright, 74 Misc 2d 419), is far outweighed by the constitutional requirements of due process when the evidence is also exculpatory. (Cf. United States v. Houston, 339 F. Supp. 762.) In any event, an in camera examination by the court can separate what is exculpatory from that which is merely exempt and turn over the former to the defense while retaining or redacting the latter, thereby preserving the nondiscoverable status of all but the required material.
For the foregoing reasons, the court must direct that the District Attorney produce forthwith before the court in camera all prior statements of Terry Grant, Michael Harris and Jerry Baker and all police and prosecution records concerning these individuals and the investigation, if any, pertaining to the “recanted” statements concerning Baker’s presence with a gun at the scene of the crime.
It is so ordered.

. It should he noted that the trend is to require disclosure even absent a request and even though the evidence was equally available to the defense. (See United States v. Fried, 486 F. 2d 201; Jackson v. Wainwright, 390 F. 2d 288; United States v. Poole, 379 F. 2d 645; United States ex rel. Meers v. Wilkins, 326 F. 2d 135; Barbee v. Warden, 331 F. 2d 842.) These decisions “reflect the evolving belief that a criminal trial should be more a quest for truth than a sporting event where counsel’s oversight is fatal.” (Simos v. Gray, 356 F. Supp. 265, 268.)