Frank R. Bayger, J.
Petitioners seek an order directing respondents’ pretrial disclosure of various statements, reports or information relating to a certain Elizabeth Ann Trudel, the central figure and chief prosecution witness in separate administrative proceedings presently pending against petitioners. Petitioners Taibbi are co-owners of a restaurant liquor license issued by the respondent State Liquor Authority. The authority has commenced proceedings to revoke that license on the basis of Andre Taibbi’s alleged sexual misconduct with Miss Trudel and his acquiescence in other illicit activities involving Miss Trudel at the licensed premises on January 30, 1974. Petitioner Greco, a Buffalo police detective, is the subject of police department disciplinary proceedings "similarly based upon an alleged illicit association and criminal involvement with Miss Trudel at the Taibbi’s restaurant and elsewhere.
Specifically, petitioners seek discovery of any information in the respondents’ possession which will demonstrate or tend to demonstrate:
"a) That one Elizabeth Ann Trudel has a past history of falsely reporting incidents to agencies of this State or to agencies of subdivisions of this State, and,
"b) That said Elizabeth Ann Trudel has manifested a tendency to fabricate incidents and reports which do involve or will have the effect of involving law enforcement personnel in episodes in which she herself plays a central role, and,
”c) That said Elizabeth Ann Trudel suffers from a form of mental illness which manifests itself in dramatic renditions of untrue events, in highly manipulative behavior, in sexualized fantasies, and in staged incidents designed to place her in contact with persons in positions of authority, notably policemen, and,
"d) That said Elizabeth Ann Trudel has made contradictory, and/or conflicting reports to agents of Respondents charged with investigating matters which concern Petitioners.”
The pending proceedings are admittedly based upon information voluntarily supplied by Miss Trudel to local law enforcement agencies. It is also admitted that her various statements to the respondent agencies are contradictory; that she *732 has a history of mental or emotional illness; and that she is known to have made numerous, unsubstantiated criminal complaints or false reports of dramatic sex or narcotic related incidents to various law enforcement agencies in the past. In spite of these facts, respondents oppose the present motion and suggest that petitioners are entitled to nothing more than disclosure of the witness’ statements prior to her cross-examination during the respective hearings. (See Garabedian v New York State Liq. Auth., 33 AD2d 980.) In the context of this proceeding, I disagree.
The information sought to be discovered goes far beyond the witness’ prior, admittedly contradictory statements which, to the extent that they are then possessed by the prosecuting agency, would be produced at the respective hearings. (Id.) The information which petitioners now seek goes to the very foundation and heart of the pending charges. Much of it would be otherwise unavailable for petitioners’ discovery or use. It bears directly upon the credibility of the witness upon whom the respondents have relied and necessarily involves a disclosure of the identity of other potentially favorable witnesses and information quite probably supportive of petitioners’ defense. Such information is undeniably appropriate to an informed and proper preparation of that defense. Its disclosure would be consistent with every concept of a fair trial.
The present existence of such information in the respondents’ files was clearly demonstrated by the affidavits, exhibits and comments of counsel presented upon argument of this motion and was thereafter confirmed by this court’s in camera inspection of those files. (See People v Bottom, 76 Misc 2d 525.) Disclosure of that information is opposed however on the grounds that it is exempt or privileged matter acquired by the respondents in preparation for the pending proceedings. (Cf. CPLR 3101, subd [d]; CPL 240.10, subd 3.)
In this court’s view, a proper determination of the present motion cannot be founded upon the provisions or restrictions of our discovery statutes. (CPLR art 31, 3101 et seq.; CPL art 240, 240.10 et seq.) Rather it should be based upon considerations of justice and fundamental fairness. Whether the pending proceedings are considered to be civil or criminal in nature, they are subject to one overriding requirement; they must be conducted in such a manner as to afford petitioners a truly fair trial (Matter of Sowa v Looney, 23 NY2d 329; Matter of Sabatini v Kirwan, 42 AD2d 1022). Petitioners are *733 accused of serious violations of our laws. These charges and the witness’ underlying allegations have received considerable publicity. The petitioners are faced with a threatened loss of their very livelihoods as well as immeasurable damage to their character and reputations. They are undeniably entitled to every essential element of a fair trial. (Matter of Sowa v Looney, supra.) The pending proceedings must therefore be conducted in strict conformity with the demands of constitutional due process and considerations of fundamental fairness. (Matter of Finn’s Liq. Shop v State Liq. Auth., 24 NY2d 647.) And those requirements supersede any statutory restrictions applicable to the usual pretrial discovery procedures. (People v Bennett, 75 Misc 2d 1040; People v Bottom, supra.)
Under Brady v Maryland (373 US 83), and its progeny, the due process and fair trial requirements applicable to the pending proceedings include, inter alia, a duty to disclose upon proper demand, any information which reasonably tends to exonerate the accused or which is otherwise clearly favorable to his defense. (Moore v Illinois, 408 US 786; United States v Bryant, 439 F2d 642; People v Bennett, supra.) Evidence favorable to a person whom the State has accused has been said to belong to the accused. (People v Bottom, supra.) Administrative agencies and municipal police departments are not exempt from these requirements. (Matter of Sabatini v Kirwan, supra.) As with any trial, administrative hearings must represent a search for the truth and the accused must be provided with such favorable information as will allow them to fully and meaningfully participate in that truth finding process. (United States v Bryant, supra.) By virtue of their greater investigative resources and authority, State agencies invariably control the bulk of information relevant to any prosecution. Withholding that which is clearly favorable to the defense or which would be obviously significant to the preparation and presentation of their defense unfairly limits the petitioners’ participation in the truth finding process of a fair trial and is violative of the rule of Brady. (People v Bottom, supra.) And this includes information going to the credibility of the respondents’ witness. (People v Sumpter, 75 Misc 2d 55.)
It is unnecessary to recite in detail the information and materials which the respondents have supplied for the court’s inspection upon this motion. It is sufficient to say that it is clearly relevant to the issue of Miss Trudel’s credibility and is *734 well within the rule of Brady and the other authorities cited herein. Petitioners’ motion is therefore granted and the respondents shall deliver to petitioners’ counsel true and exact copies of the statements and reports set forth in the appendix to this decision.
Petitioners are further granted leave to take Miss Trudel’s deposition upon oral questions pursuant to CPLR 3101 (subd [a], par [4]). (Cf. Kenford Co. v County of Erie, 41 AD2d 586.) Such examination shall take place at such time and place as the parties may agree upon. Disclosure of the statements and reports directed herein shall be made at least 10 days prior to Miss Trudel’s examination. Pending completion of such disclosure and examination, all further proceedings herein shall be stayed.