Joseph J asp an, J.
The defendant has been indicted for robbery in the first degree and related crimes and now moves before trial to inspect the Grand Jury minutes of two witnesses for the sole purpose of determining whether to subpoena them to testify on his behalf.
The witnesses Sandra White and Linda White were called by the Grand Jury at the request of defendant’s prior counsel in the hope they would establish a convincing alibi. Present counsel for the defendant states that they are now un-cooperative and he is unable to make a considered judgment as to whether to call them as defense witnesses unless he can first read their Grand Jury testimony.
The defendant urges that the interests of justice and Brady v Maryland (373 US 83) dictate a granting of the motion. The District Attorney opposes on the traditional grounds of secrecy and would limit disclosure to that authorized by People v Rosario (9 NY2d 286), which provides for inspection only after the witness testifies at the trial and only as an aid to cross-examination.
The secrecy of Grand Jury minutes is not absolute (CPL 190.25, subd 4), but a determination of whether disclosure should be permitted rests in the Trial Judge’s discretion (Matter of Quinn, 293 NY 787; Marinelli v State of New York, 71 Misc 2d 62). In exercising this discretion, the court must balance the competing interests involved, the public interest in disclosure against that in secrecy (People v Di Napoli, 27 NY2d 229).
A pretrial discovery of the testimony before the Grand Jury would constitute an erosion of the essential protection afforded to its witnesses and should not be granted in the absence of compelling circumstances. The open door to pretrial disclosure would expose witnesses to pressures which may inhibit their testimony and their willingness to co-operate and limit the effectiveness of Grand Jury proceedings.
The question presented therefore is whether the facts alleged by the defense compel an exception to the secrecy rule.
It is undoubtedly true that a disclosure of the testimony of *937 the "alibi witnesses” would be helpful to the defendant. It could even be argued that since the establishment of an alibi defense is critical, the defendant’s ability to offer such proof should not be limited by the secrecy rule.
The problem with that argument is that it can be extended to many other situations and could ultimately destroy the Grand Jury system or generate such a restrictive policy as to the calling of witnesses as to be counterproductive to the defendant’s interests.
In the instant case, the names of the witnesses were suggested to the Grand Jury in accordance with CPL 190.50 (subd 6), and they are invested with discretion to grant or deny the request.
If the testimony of witnesses called at the request of the defendant are then subject to pretrial review, the defense counsel could routinely use that opportunity to indirectly conduct an examination before trial — a discovery procedure not authorized nor contemplated by the CPL. If the procedure became general, the natural reaction of the District Attorneys and of the members of the Grand Jury whom they advise would be to severely limit the number of requests so honored.
In either event, the changes would be radical and transcend the limited purpose of the instant application.
It is urged that the testimony of Sandra White and Linda White are in a different category from the testimony of other witnesses because they were called at the request of the defendant. The comment by Judge Richard G. Denzer to CPL 190.50 (subd 6) points out however that "any defense witness called in this manner is * * * classified as one called at the instance of the grand jury”. (Practice Commentary, McKinney’s Cons Law of NY, Book 11 A, CPL 190.50, p 146.) As such, the distinction urged upon the court is negatived and cannot be construed to confer greater rights upon the defendant.
Similarly, the argument that Brady (373 US 83, supra) requires disclosure of such testimony is also rejected. In Brady, the court held that the suppression or withholding of material evidence favorable to the accused is sufficient to amount to a denial of justice. But there is no withholding of exculpatory material in a case where the defendant names the witnesses and states the general nature of their testimony. The evidence is not in the exclusive possession of the prosecution. Of course, the testimony may not have borne out the *938 defendant’s contention, but that is the risk he undertook when he suggested them as witnesses. A direction that their testimony be made available is a trial aid and not a disclosure of exculpatory material. The random chance that the defense would, after examination, refuse to call them as trial witnesses does not constitute such a compelling circumstance as to warrant the suggested attack upon Grand Jury secrecy.
The motion is in all respects denied.