*638 OPINION OF THE COURT
William J. Holland, J.
The defendant, Napoleon Peterson, was arrested and charged with the crime of jostling under section 165.25 of the Penal Law. This section provides that:
"A person is guilty of jostling when, in a public place, he intentionally and unnecessarily:
"1. Places his hand in the proximity of a person’s pocket or handbag; or
"2. Jostles or crowds another person at a time when a third person’s hand is in the proximity of such person’s pocket or handbag.”
The People’s sole witness at the preliminary hearing held on June 29, 1978, was Detective Raymond Cruz. In substance, he testified to an event that occurred on May 27, 1978, at approximately 2:20 p.m. at a bus stop located at East 151st Street and Third Avenue in the County of Bronx. He observed the defendant look into a woman’s jacket pocket. Then with eye movement and by pointing, the defendant motioned to another person (an apprehended juvenile) to come over. The juvenile placed his hand in the woman’s jacket pocket. Detective Cruz apprehended and arrested the defendant and the juvenile.
Defense counsel, during the course of the preliminary hearing, made a motion requesting the identity and address of the alleged female victim (or in the alternative, to interview the alleged victim at a time and place established by the victim, together with the People). The prosecution opposed this motion, refusing either to produce the alleged victim or to supply defense counsel with her identity.
The alleged victim in the present case is a 65-year-old woman. The prosecution admits that it has never met with or interviewed this woman. However, the People, at the preliminary hearing, stipulated to the fact that the woman did not witness the commission of the crime or the culprits involved. Therefore, they would not call the woman as a witness at the trial. The District Attorney’s office was also told by the arresting officer, that at the time of the incident, the alleged victim stated a reluctance to come to court to offer any testimony on this case, fearing possible reprisals by the defendant and his companion.
The District Attorney also argues against discovery of the *639 identity and addresss of this woman on another ground. It claims that this properly qualifies as exempt property under CPL 240.10 and 240.20.
The issue then is whether or not the People have an obligation to disclose the identity of the "alleged victim” to the crime charged herein. As a general rule, this court notes that the prosecution has broad discretion in preparing and presenting cases for trial (People v Fein, 18 NY2d 162, app dsmd 385 US 649). A prosecutor, who is convinced from his own investigation that a potential witness is unreliable, cumulative or irrelevant, need not put that witness on the stand (People v Buckler, 39 NY2d 895; People v Stridiron, 33 NY2d 287).
But the prosecution’s freedom in such instances is not absolute. Under the doctrine of Brady v Maryland (373 US 83), suppression by the prosecution of exculpatory evidence upon request of defense counsel is violative of due process requirements. This is irrespective of good or bad faith on the part of the prosecution.
Therefore, when a request for Brady material is made, and there is "some basis” for believing that the prosecutor may be in the possession of potentially exculpatory material, the "deference to a prosecutor’s discretion in turning over such material must give way” and the duty to determine the merits of the request for disclosure devolves to the trial court (People v Andre W., 44 NY2d 179; People v Consolazio, 40 NY2d 446, cert den 433 US 914). When there is substantial room for doubt, the prosecutor is not to decide for the court what is admissible or for the defense what is useful (Griffin v United States, 183 F2d 990).
In the trial court’s inquiry as to whether or not evidence constitutes Brady material, it must weigh a number of factors. In determining whether evidence is both favorable to the defendant and material to his guilt or punishment, the court must examine the particular issues in each case, the nature of other proof known to the court and other relevant circumstances (for instance, here, the prosecution claims that there is a risk of danger and the fear of possible reprisals against the alleged victim, whose identity is being sought). The trial court must exercise its sound discretion when weighing all of these factors.
The right of a defendant to discover a potentially material witness must be balanced against the fear that such *640 discovery might lead to the intimidation of the witness or the influencing of his testimony. But if the evidence is of material importance to the question of guilt or innocence, it should be disclosed (People v Goggins, 34 NY2d 163, cert den 419 US 1012). A Judge has wide powers to protect witnesses against reprisals. Fictitious names may be used at a hearing (People v Stanard, 42 NY2d 74), or the Judge may interview a witness privately in chambers, or the court can call on the co-operation of counsel as officers of the court to support whatever protection the court chooses to give to a witness.
In this case, the District Attorney’s statement that the alleged victim neither saw the commission of the crime, nor the defendant and his accomplice, amounts to double hearsay. The same is true for this woman’s alleged fear of reprisal. The prosecution has offered no proof for any basis in fact in either of these statements. They were merely told to the arresting officer who related them to the Assistant District Attorney who in turn related them to the court. The prosecutor admits that neither she nor anyone in her office has ever interviewed or had any contact with the alleged victim.
This court determines that fuller inquiry is needed as to the issue of whether or not this woman has any "material” evidence to offer which may constitute Brady material. Therefore, a pretrial hearing is ordered to examine this question. To protect the witness against the possibility of reprisal this court will allow the woman to use a fictitious name and to state only her county of residence when she testifies at the pretrial hearing. This court will also call on the full co-operation of defense counsel in this matter.
The People also set forth an argument found in dicta in the case of People v Burgos (82 Misc 2d 353, 355), wherein the court stated that as to the crime of jostling: "it was the intent of the statute to not require the testimony of the alleged victim in order to convict.” While this may or may not be true, this court finds that this has no bearing on the issue of whether the possible testimony of the alleged victim will constitute Brady material.
Finally, the argument that the name and address of this woman constitutes exempt property under CPL 240.10 and 240.20 has little merit. A request for Brady material is not the same as a request for pretial discovery (to which the CPL sections are aimed) in all instances (see People v Bottom, 76 Misc 2d 525). Pretrial disclosure of the prosecution’s evidence *641 is statutory and largely discretionary. Brady material on the other hand belongs to the defendant as a matter of right under the constitutional mandate of due process. This "ma-date” recognizes the imbalance in investigative resources in favor of the prosecution. Due process requires discovery by the defense where the evidence is exculpatory despite claims of the property being exempt under some statutory authority. It makes a "trial a search for the truth, informed by all relevant materials” (People v Bottom, supra, p 531).
A pretrial hearing by the trial court is ordered on the materiality of the undisclosed witness.