OPINION OF THE COURT
Vincent E. Doyle, J.
This is an application by the defendant for an order directing the District Attorney to turn over for inspection a transcript of the Grand Jury testimony of certain named witnesses.
Defendant has been indicted for the crimes of burglary in the second degree and grand larceny in the third degree. The above-mentioned application is part of a pretrial, omnibus defense motion.
The defendant maintains that the above-mentioned testimony should be turned over by the People pursuant to Brady v Maryland (373 US 83). The People oppose the application *333 urging that the witnesses referred to above were produced before the Grand Jury at the specific request of the defendant. The People maintain that the defendant, therefore, knows of the exculpatory nature of these witnesses’ testimony and citing the reasoning in People v Washington (84 Misc 2d 935), as well as the traditional secrecy of Grand Jury proceedings, argues the testimony should not be disclosed.
The court has examined a transcript of the testimony given by the witnesses, G. Williams, N. Pearson, S. Pearson and B. Pearson, mentioned above. There is no question that said testimony is exculpatory and favorable to the accused. The fact that the Grand Jury chose to indict the defendant in spite of the testimony given by said witnesses is of no matter. It is also immaterial to this court how the witnesses happened to be produced before the Grand Jury. "Evidence which is favorable to the defendant belongs to him.” (People v Bottom, 76 Misc 2d 525, 527.) The court sees no harm or prejudice to the People by the disclosure of the requested testimony. In spite of the language of the learned Judge in People v Washington (supra, p 937), this court fails to perceive how any pretrial review of such testimony would afford a "defense counsel [an] opportunity to indirectly conduct an examination before trial.” As stated in People v Bottom (supra, p 529), "[compliance with Brady cannot be made with clue-dangling or gamesmanship in place of full disclosure.” A direction that the sought after testimony be made available is not merely a trial aid to the defendant but rather a compelling of disclosure of exculpatory material which this testimony clearly is.
The motion for an order directing the District Attorney to turn over the testimony of G. Williams, N. Pearson, S. Pearson and B. Pearson to the defendant’s attorney is granted.