■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH DUKES, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J., at trial and sentence), rendered May 8, 1986, convicting defendant, after a jury trial, of rape in the first degree, robbery in the first degree, burglary in the first degree, sodomy in the first degree, assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a persistent violent felony offender, to 15 years to life for the rape, robbery and sodomy convictions, 10 years to life for the burglary conviction, six years to life for the assault conviction and a definite one-year term for the weapon possession conviction, all terms to run concurrently, unanimously affirmed.

Defendant's motion for disclosure of the Grand Jury minutes of defendant's potential alibi witnesses was properly denied. As to defendant's argument that the minutes were exculpatory under *Brady v Maryland* (373 US 83 [1963]), there can be no withholding or suppression of exculpatory evidence where, as here, the defendant knows the witnesses and is aware of the nature of their testimony. *(See, People v Wash-*

*ington,* 84 Misc 2d 935, 937 [Sup Ct, Kings County 1976]; *United States v Natale,* 526 F2d 1160, 1170-1171 [2d Cir 1975].) Nor can the Grand Jury testimony of alibi witnesses be considered exculpatory under the reciprocal discovery requirement of *Wardius v Oregon* (412 US 470 [1973]), on the mere possibility that such testimony might be used to discredit the alibi evidence at trial. Further, under the circumstances of this case, there is no merit to the contention that defense counsel needed the Grand Jury minutes adequately to prepare a defense.

With respect to the claimed errors in the charge, even though the court failed to limit its instruction to the statutory language of CPL 300.10 (2), the charge as a whole conveyed to the jury that no adverse inference may be drawn from the fact that the defendant did not testify. Reversal, therefore, is not required. *(See, People v Lara,* 148 AD2d 340 [1st Dept 1989], *lv granted* 73 NY2d 1017.) While the interested witness charge did not specify the potential interest of the complainant, there was nothing in the charge which suggested that the defense witnesses (who were not referred to by name) were interested or that they were the only witnesses that the jury could find interested. *(See, People v Agosto,* 73 NY2d 963, 967 [1989].) Nor do we find merit to defendant's contention that the court erred in admitting statements that the complainant made to the police after the incident. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.