■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY JOHNSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered September 4, 1987, convicting him of assault in the second degree (two counts), criminal mischief in the fourth degree (two counts), aggravated unlicensed operation of a motor vehicle in the third degree, violation of Vehicle and Traffic Law § 1111 (d) (1) (two counts), violation of Vehicle and Traffic Law § 1163 (two counts), and violation of Vehicle and Traffic Law § 1144, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for violation of Vehicle and Traffic Law § 1144 and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, the County Court, Nassau County, properly denied his *Brady* application for disclosure of Grand Jury minutes containing the testimony of his girlfriend who, we note, subsequently appeared on his behalf at trial. Where, as here, the defendant knows the witness testifying on his behalf and the nature of her testimony, there can be no violation of the *Brady* rule *(see, People v Dukes,* 156 AD2d 203; *People v Banks,* 130 AD2d 498; *see also, People v Washington,* 84 Misc 2d 935, 937; *United States v Natale,* 526 F2d 1160, 1170-1171). In any event, we find that there was no " 'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different' " *(People v Chin,* 67 NY2d 22, 33, quoting from *United States v Bagley,* 473 US 667, 682; *see, United States v Agurs,* 427 US 97, 109-110; *People v Howard* 127 AD2d 109). In this respect, the record reveals that the defendant's girlfriend provided trial testimony of the relevant events which was more favorable to him than the testimony she gave before the Grand Jury. Defense counsel has not shown that under these circumstances, his possession of the Grand Jury minutes would have changed the result at trial in any material respect. In light of the foregoing, the defendant's *Brady* claim was properly rejected.

Finally, and as the People concede, since the court had previously dismissed count 13 of the indictment charging the defendant with violation of Vehicle and Traffic Law § 1144, its submission of that count to the jury was improper. Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.