Harold L. Wood, J.
Defendant, charged with three counts of manslaughter in the second degree, three counts of criminally negligent homicide and violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law, moves for discovery, under CPL 240.20 of the following:
(a) Defendant’s testimony before the Grand Jury;
(b) Copies of any written or recorded statements, admissions or confessions made by defendant;
(c) Copies of reports of accident investigation, photographs or any other scientific evidence connected with this case in the possession, custody or control of the People;
*430 (d) For permission to make ,an independent mechanical examination of the 1971 Dodge automobile involved in the accident;
(e) Blood test results.
The court will take up these requests in the order listed above.
(a) The People not objecting thereto, a copy of defendant’s testimony before the Grand Jury shall be provided him upon his payment of the appropriate stenographic fees.
(b) The People disclaiming the existence of any written or recorded statement of defendant made to a public servant engaged in law enforcement or to a person then acting under his direction in the possession of control of the People, the request therefor must be and is denied.
(c) Discovery of the information sought here presents a rather complex determination. Statutory discovery, pursuant to article 240 of the CPL is of recent origin in New York State (L. 1970, ch. 996, eff. Sept. 1, 1971). Prior thereto and solely by virtue of case law the New York rule was quite restrictive (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24, 33-34). ‘ ‘ Through the years, however, trial judges have struggled with discovery questions on an ad hoc basis and, especially of late, have occasionally expressed and effectuated views considerably more liberal than those espoused in the Lemon case, supra (see People v. Matera, 1967, 52 Misc 2d 674, 276 N. Y. S. 2d 776, 786, 787; People v. Quarles, 1964, 44 Misc 2d 955, 255 N. Y. S. 2d 599; People v. D’Andrea, 1960, 20 Misc 2d 1070, 1073, 195 N. Y. S. 2d 542, 545) ” (CPL 240.00: Commission Staff Comment).
Federal Bules 16 of the Buies of Criminal Procedure, as amended in 1966, provided the model upon which was founded article 240 of the Criminal Procedure Law.
CPL 240.10 (subd. 3), for the purposes of this motion, defines “ exempt property” as “ (a) reports, memoranda or other internal documents or work papers made by district attorneys, jyoliee officers or other law enforcement agents * * * in connection with the investigation, prosecution * * * of a criminal action.” As is prevalent with generalizations, difficulty arises when applied to specifics.
Defendant claims that at the time of the accident ‘ ‘ a host of police officials arrived, including accident investigators, photographers, etc. * * * By the time (defendant’s counsel) had been consulted all of the relevant evidence had been cleared away by the District Attorney’s office.” In view thereof and ‘ ‘ in the interests of justice ’ ’ defendant should 1 ‘ be allowed to examine the relevant facts and circumstances surrounding *431 the accident, including photographs, measurements of skid marks, accident investigator’s reports, etc. ”.
The problem is, though, are these exempt properties'? As generally defined, one would be inclined to hold them exempt. Yet one is struck by the “work product” rule, set forth in Moore’s Federal Practice (Rules Crim. Pro., rule 16; 8 Moore, pp. 16-20, 16-21) which “protects from disclosure a litigant’s theories and thought processes contained in internal notes and memoranda relating to the case.” (See, generally, Hickman v. Taylor, 329 U. S. 495; cf. Will v. United States, 389 U. S. 90.) There can be no serious dispute as to the need to protect this type of work product. But what harm could possibly result to the People or what prejudice to their case were they directed to turn over for inspection or copies thereof, such physical evidence as is incapable of damage or alteration.
As was so well stated by Judge Marshall in People v. Miller (42 Misc 2d 794, 795-796): “ The decisions of the courts exhibit a more liberal tendency to grant discovery and inspection where the exhibit is one that may be received in evidence or where the subject of the charge or where a failure of justice may result. * * * Very few States deny inspection of physical evidence. There is no logical reason nor any purpose served in denying to a defendant inspection and discovery of those physical items of evidence not subject to damage or alteration.”
Such an interpretation avoids the 11 unfortunate gloss on an otherwise forward-looking rule” complained of in Moore’s Federal Practice.
Evidence of further liberalization under discovery may be seen in both the Preliminary and Alternate Drafts of Proposed Amendments to rule 26 of the Federal rules.
It is for these reasons and in the interests of justice that discovery is granted defendant to such properties in the possession of the People as are illustrative of the physical facts concerning this accident and which are incapable of damage or alteration, including, but not limited to photographs, measurements of skid marks and accident investigator’s reports other than those in which may be expressed the People’s theories and thought processes, all of which is to be provided defendant within 20 days after service of a copy of this decision and order upon the attorney for defendant.
(d) In view of the People’s explanation as to the disposition of the 1971 Dodge car this request must be denied. There is nothing, however, to prevent defendant, for whatever its value, *432 from undertaking an independent examination thereof at the mentioned auto yard.
(e) The People consent to giving defendant the results of any blood tests administered to him but object to giving a copy of the blood test, claiming the latter to be exempt property. The distinction, if any there be, between a blood test and the results thereof appears to be rather subtle. However, neither is capable of change or alteration and under the views expressed in (c) above, discovery is ordered as to each, if separately reported, also to be given defendant within the 20-day period prescribed above.