James J. Leff, J.
Willie Wright, charged with robbery, asks for a bill of particulars, for pretrial discovery and for suppression at his impending trial of physical evidence and testimony of identification. He is represented by the Legal Aid Society.
The particulars sought are:
“ a) The exact time and place the defendant, Willie Wright, allegedly committed the crimes charged;
“ b) The exact date, time and place of1 arrest of the defendant, Willie Wright;
“ c) The exact date, time and place the defendant, Willie Wright, was identified as the perpetrator of the alleged crimes;
“ d) The property of every nature and description, taken from the person of the defendant, Willie Wright, and whether seized pursuant to warrant;
“ e) The property of every nature and description allegedly taken from the complainant, Booker Tillery, during the alleged commission of the crimes charged, and from where from his person taken;
“ f) The specific acts allegedly attributable to the defendant, Willie Wright, under each and every count of the indictment.” Discovery is sought of:
“(a) any written or recorded statements, admissions or confessions made by defendant;
“ (b) any and all evidence favorable to defendant; and “(g) any and all reports, papers and forms of the New York City Police Department relating to this case: forms TJF-61, DD-19, TTF-6, 911 tape, Department of Corrections forms 239A, 85A, 111A, arrest disposition sheets; and all other papers concerning the investigation and arrest of the defendant.”
The branch of the motion seeking suppression asks for an order: ‘ ‘ Pursuant to Section 710.20 of the Criminal Procedure Law suppressing (a) physical evidence seized in violation of the defendant, Willie Wright, constitutional rights and (b) potential testimony identifying the defendant, Willie Wright, as the perpetrator of the alleged crimes ”.
The District Attorney has submitted a memorandum in opposition in which he supplies the date, time and place of the occurrence, holds forth the promise that “ within 30 days prior to trial, the defense will be provided with all written or recorded *421 statements made by the defendant ”, suggests that “ all motions concerning identification and suppression should be respectfully referred to the appropriate trial part ’ ’, and concludes by noting that “ all other information requested is evidentiary and not discoverable under GPL 240.20.”
This response hardly furthers the progress of the case toward its ultimate resolution.
The indictment in this case is one of several hundred before me in Supreme Court, New York County, Part 44. Part 44 has been reserved almost exclusively for the trial of cases in which the defendants are indigents and in which the defendant’s attorney is .either an attorney with the Legal Aid Society or has been appointed by the Appellate Division under article 18-B of the County Law. This case is, in its present posture, no different than a hundred other robbery cases like it. The issues common to these cases are identification, the essential details of the incident, the issue of possession of a weapon where alleged, and the character of the property alleged to have been stolen.
A high proportion of the cases in this part has been resolved by plea. The practice now has the blessing of the United States Supreme Court. In Santobello v. New York (404 U. S. 257, 260 [1971]) Chief Justice Burger said: “ The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 1 plea bargaining,’ is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities ”.
In a memorandum circulated January 10, 1973 to Judges by the Administrative Board of the Judicial Conference, the board said, in part: “plea discussions are a necessary and desirable part of the administration of criminal justice. Although limitations on available funds for the courts make the settlement of most cases by agreement a .necessity, we are also convinced that the process has intrinsic benefits which would commend its continued use in many cases even if funds were available to support a substantially increased reliance on trials. There are risks, of course, in a system which relies extensively on the informal disposition of criminal cases, but we believe that the risks can be minimized if procedures are established which ensure that any agreement which is reached accurately reflected *422 in the record of the proceedings and that the defendant is fully informed of all the relevant consequences of his consent.
“ We therefore deem it to be the duty of every judge sitting in a court of criminal jurisdiction in New York State to encourage discussions between an informed prosecuting attorney and an informed defense counsel and, with the consent of the parties, to participate in such discussions whenever it appears to him that negotiations may serve to dispose of a criminal case by agreement or to clarify issues which are actually in dispute between the parties.” (Emphasis supplied.)
Discovery in criminal cases in New York has been slow in coming (see Denzer, Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 11A, Criminal Procedure Law, art. 240, p. 465).
If scholarship would be helpful to encourage expansion of discovery, the supply is ample. (Developments in the Law— Discovery, 74 Harv. L. Rev. 940. Discovery in Federal Criminal Cases, a Symposium at the Judicial Conference of the District of Columbia Circuit, 33 F. R. D. 47. Ground Lost and Found in Criminal Discovery, Traynor, 39 N. Y. U. L. Rev. 228.)
In sum, the old reasons for denying discovery no longer hold water and trial courts have decided that the time is now for discovery in many situations where it has not been granted before. In Zellman v. Metropolitan Transp. Dept. (40 A D 2d 248, 251 [Jan. 8, 1973]), the Second Department in a personal injury action said: u We have reviewed our prior holdings and have now concluded that the names of eyewitnesses to the occurrence, even if obtained by investigation made after the occurrence, are discoverable if they are material and necessary to the prosecution or defense of the action.”
In Mosca v. Pensky (73 Misc 2d 144,150) Mr. Justice McCullough directed a defendant to produce a liability insurance policy insuring him for the subject accident. Judge McCullough said, in part: 11 The discovery provisions of CPLR article 31 are not to be read in a vacuum but niust be construed in tandem with other pertinent regulations so as to move cases that have been on the calendar for a long period of time, especially where of dubious merit (Sortino v. Fisher, 20 A D 2d 25). Accordingly, the word ‘ evidence ’ as used in subdivision (a) of CPLR 3101 has not been strictly construed and is broad enough to encompass any relevant information (West v. Aetna Cas. & Sur. Co., 49 Misc 2d 28, mod. 28 A D 2d 745) including information that might not be admissible at trial (Avida Fabrics v. *423 152 W. 36th St. Corp., 22 A D 2d 238; Turner v. Town of Amherst, 62 Misc 2d 257). Indeed, the statutory phrase ‘ material and necessary ’, has been expanded by the Court of Appeals in a landmark decision to include discovery of any relevant information that serves to reduce ‘ delay and prolixity ’ (Allen v. Crowell-Collier Pub. Co., 21 N Y 2d 403, 406). ‘ The test is one of usefulness and reason ’ (ibid.).”
And in Schaeffer v. Schaeffer (70 Misc 2d 1033, 1034), Mr. Justice Harnett said: “ It is time to re-evaluate and lay-aside obsolete precedents inhibiting in contested matrimonial matters a wife’s right to examine before trial into her husband’s financial affairs.”
Discovery in criminal cases on the broadest possible basis now has the sanction of the American Bar Association Standards For Criminal Justice. Part I of the Standards relating to Discovery and Procedure Before Trial enunciate the General Principles:
“ Part I. GENERAL PRINCIPLES
“1.1. Procedural needs prior to trial.
“(a) Procedures prior to trial should serve the following needs:
“ (i) to promote an expeditious as well as fair determination of the charges, whether by plea or trial;
“(ii) to provide the accused sufficient information to make an informed plea;
“(iii) to permit thorough preparation for trial and minimize surprise at trial;
“ (iv) to avoid unnecessary and repetitious trials by exposing any latent procedural or constitutional issues and affording remedies therefor prior to trial;
“(v) to reduce interruptions and complications of trials by identifying issues collateral to guilt or innocence, and determining them prior to trial; and
“(vi) to effect economies in time, money, and judicial and professional talents by minimizing paperwork, repetitious assertions of issues, and the number of separate hearings.
“ (b) These needs can be served by (i) fuller discovery^ (ii) simpler and more efficient procedures, and (iii) procedural pressures for expediting the processing of cases.”
These standards say everything that has to be said to the Judge, the prosecutor and defense counsel.
Insofar as the Criminal Procedure Law provides for formal motions for bills of particulars and for discovery, a motion is something counsel should only have to make when he can’t get *424 the same material in an easier way. The voluntary tender to the defendant of police department forms will obviate "the need for a motion or for use of a subpoena. The District Attorney ■should be encouraged to procure such papers at the earliest possible time and to make them available to the defendant. If thereafter a formal motion is indicated, the defendant can make it on the basis of an informed evaluation, and cut down the elapsed time between arrest and trial. If the prosecution is in possession of facts that warrant the withholding of information, it can make an affirmative showing as to why it should be denied to the defendant.
The District Attorney is directed to supply the answers to each and every item demanded in the bill of particulars. In spite of frequent holdings that the items sought in b, c, e and f are “ evidentiary,” such items are not evidentiary, they are factual. (See CPLR 3013; and Practice Commentary by Prof. David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7b, CPLR 3013.)
With respect to the demand for discovery material the motion is in all respects granted. If there are written statements, they are to be supplied to the defendant within 10 days of the filing of' this decision. The police reports are to be procured by the District Attorney’s office and copies made available to the defendant.
If the prosecution intends to adduce evidence of an out-of-court identification under circumstances requiring a pretrial hearing, or if there is any physical evidence with respect to which suppression is warranted, such a hearing is to be held when the case is marked for trial and before the selection of the jury.
In granting relief with respect to discovery, I have taken into account the salutary consequences of making available to the defendant contemplating a disposition of his case, material prepared by the police in connection with the investigation, prosecution or defense of a criminal action. Insofar as CPL article 240 treats certain items as “ exempt property,” I do not read subdivision 3 of section 240.10 to include in exempt property the usual police arrest reports, incident reports and the like as material to be denied to the defendant. This material should be distinguished from those work papers that result from interviews and actual trial preparation which are not discoverable. Every defendant and every defense counsel expected to make a realistic evaluation of the charges against him should have those papers that would ultimately be avail *425 able to him when his case goes to trial and have them early in the case. If the presentation of such a dossier encourages an earlier disposition, it has served a salutary end. The defendant who thereafter pleads guilty will have done so with a fuller understanding of the nature of the charges levelled against him.
Raskolnikov, when he appears at the department of investigation of criminal cases, tells the investigator: “ Porfiry Petrovitch * * * I see clearly at last that you actually suspect me of murdering that old woman and her sister Lizaveta. Let me tell you for my part that I am sick of this. If you find that you have a right to prosecute me legally, arrest me, then prose-mute me, arrest me. But I will not let myself he jeered at to my face and worried ’ ’.
The attitude is understandable in every defendant. The system is best served by accommodating it.