Ernest L. Signorelli, J.
Defendant Eugene Cobb makes this application to the court for an order:
1. To inspect the Grand Jury minutes and dismiss the indictment ;
2. To suppress any written or oral statements allegedly made by the defendant ;
3. To discover the names and addresses of all witnesses whose testimony the District Attorney intends to use at the trial; and
4. Directing the District Attorney to file a bill of particulars.
Branch 3 of defendant’s application will be treated first inasmuch as it is the only portion of defendant’s application which need be discussed in depth. Prior to the advent of the Criminal Procedure Law, it was the general rule in the State of New York that it was discretionary with the court whether discovery of potential prosecution witnesses should be permitted. In People v. Lynch (23 N Y 2d 262, 271-272), the Court of Appeals stated as follows: ‘ ‘ There appears to be some disagreement as to whether pretrial release to a criminal defendant of names or statements of potential witnesses is permissible (compare People *744 v. Powell, 49 Misc 2d 624, with People v. Miami, 214 N. Y. S. 2d 788 [Queens County Ct.]). But if, indeed, such discovery may be had in the trial court’s discretion, the refusal of discovery in this- case was not an abuse of that discretion.” The Criminal Procedure Law does not appear to change the aforesaid rule. Although subdivision 3 of CPL 240.10 provides that statements of potential witnesses are not discoverable, it is significantly silent on the question of whether the names of potential witnesses are discoverable. In the court’s opinion, permitting pretrial discovery of potential prosecution witnesses will enhance the possibility of satisfactory pretrial dispositions in that counsel will be in a better position to investigate his case and advise his client with regard to the possibilities of success at trial. In addition, pretrial disclosure of the names of witnesses will enable counsel to better prepare for trial, avoid undue surprises, adequately cross-examine witnesses, and avoid unnecessary delays caused by inadequate preparation.
The “ Approved Draft of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial ”, section 2.1, provides as follows:
“ 2.1 Prosecutor’s Obligations.
“ (a) Except as is otherwise provided as to matters not subject to disclosure (section 2.6) and protective orders (section 4.4), the prosecuting attorney shall disclose to defense counsel the following material and information within his possession or control:
“ (i) the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial ”.
Numerous other States require by statute or rule that the defendant be notified prior to trial of potential witnesses to be called by the prosecution (e.g., Alaska Rules Crim. Pro., rule 7, subd. [c]; Ariz. Rules Crim. Pro., rule 153; Ark. Stat., § 43:1004 [1947]; Cal. Penal Code, § 995a; .Colo. Rev. Stat., §§ 39-3-6, 39-4-2 [1963]; Fla. Rules Crim. Pro., rule 3.220, subd. [d]; Idaho Code § 19-1404 [1948]; Ill. Rev. Stat. ch. 38, § 114-9 [1963]; Ind. Stat. Ann., § 9-903 [1956]; Iowa Code Ann., § 772.3 [1950]; Kan. Stat. Ann., § 62-931 [1964]; Ky. Rules Crim. Pro., rule 6.08; Mich. Compiled Laws, § 767.40 [1968]; Minn. Stat. Ann., § 628.08 [1947]; Mo. Rev. Stat., § 545.070 [1969]; Mont. Rev. Codes § 95-1803 [1969]; Neb. Rev. Stat., § 29-1602 [1965]; Nev. Rev. Stat., § 173-045; Okla. Stat., tit. 22, § 384 [1971]; Ore. Rev. Stat., § 132.580 [Supp. 1971]; Tenn. Code Ann., § 40-1708 [1955]; Utah Code Ann., § 77-20-3 [1953]).
*745 Defendant’s application for the names of potential prosecution witnesses is granted and the District Attorney is directed to provide the defendant within 10 days from the date of the order to be entered herein with the names of all potential prosecution witnesses. However, if the People feel that there are compelling circumstances indicating that potential witnesses may be tampered with or threatened, or there are other compelling circumstances why the prosecution should not disclose the names of potential witnesses, they may move to reargue within 10 days from the date of the order to be entered herein.
With regard to Branch 1, defendant’s application to inspect the Grand Jury minutes is granted to the extent that the court has read and considered the Grand Jury minutes and finds that the indictment is based upon sufficient legal evidence. The application to dismiss the indictment is accordingly denied.
Branch 2 of defendant’s application seeking to suppress statements allegedly made by the defendant is denied as moot inasmuch as the District Attorney represents to the court in his opposing papers that no written or oral statements were made by the defendant.
Branch 4 of defendant’s application seeking a bill of particulars is denied except that the People are directed to provide a bill of particulars to the defendant within 10 days from the date of this decision setting forth the following:
A. The exact time and location of the alleged occurrence;
B. The full name and address of the complainant and his employer at the time of the occurrence;
C. The specific injuries sustained by the complainant; and
D. The abusive or obscene language allegedly used by the defendant Cobb.