Irving B. Kendall, J.
On September 10, 1973 this court ordered the District Attorney to furnish to the attorney for the defendant the names and addresses of persons whom - the prosecution intends to call as witnesses at the trial of this harassment action, together with a copy of their relevant written statements, notes or memorandum, if any (75 Misc 2d 477).
The District Attorney has now moved to reargue defendant’s motion.
Apparently the District Attorney is of the opinion, that the court’s decision will serve as a precedent for all other types of criminal prosecutions.
The information here alleges that the defendant with intent to harass the police officer complainant Richard Johns “ did push him and shoved other police officers present against the wall ” etc.
The decision in the instant case is limited to a situation where there is a police officer complainant and the potential witness referred to in the information is also a police officer.
This court does not wish to belabor the issue but the fact is that a memorandum was issued on January 10, 1973 by the Administrative Board of the Judicial Conference which states at page 2 that: “ plea discussions are a necessary and desirable part of the administration of criminal justice ” and at page 3 that: “We therefore deem it to be the duty of every judge *808 sitting in a court of criminal jurisdiction in New York State to encourage discussions between an informed prosecuting attorney and an informed defense counsel and, with the consent of the parties, to participate in siich discussions whenever it appears to him that negotiations may serve to dispose of a criminal case by agreement or to clarify issues which are actually in dispute between the parties.” (Emphasis supplied.)
How can there be an informed and intelligent discussion if material facts available to both the prosecutor and the defense attorney are not laid upon the table.
As stated by County Judge Ernest L. Signorelli of Suffolk County in People v. Barnes (74 Misc 2d 743, 744) on the subject of disclosure of names of potential prosecution witnesses, “In the court’s opinion, permitting pretrial discovery of potential prosecution witnesses will enhance the possibility of satisfactory pretrial dispositions in that counsel will be in a better position to investigate his case and advise his client with regard to the possibilities of success at trial. In addition, pretrial disclosure of the names of witnesses will enable counsel to better prepare for trial, avoid undue surprises, adequately cross-examine witnesses and avoid unnecessary delays caused by inadequate preparation. ’ ’
Judge Signorelli’s reasoning would seem to apply equally with regard to furnishing the defendant with copies of reports made by police officers containing material facts.
After reviewing the memoranda submitted to this court on the motion to reargue, the motion to reargue is granted but the court’s original decision is adhered to.