George Beisheim, Jr., J.
This is an article 78 proceeding brought by Carl A. Vergari, District Attorney of Westchester County, against Hon. Irving B. Kendall, City Judge of Mount Vernon, for a judgment in the nature of prohibition against Judge Kendall restraining him from directing, or proceeding with, the discovery as prescribed by him in three separate criminal actions pending in the City Court, Mount Vernon.
By decision and order dated September 10, 1973, in a criminal action involving a charge against the defendant, James Robinson, for the alleged commission of the offense of harassment, the respondent granted a motion of the defendant “ to the extent that the District Attorney shall, within fifteen (15) days after the filing of this decision, furnish to the attorney for the defendant the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the trial of this harassment action, together with a copy of their relevant written statements, notes and memoranda if any ”. (People v. Robinson, 75 Misc 2d 477.) By decision and order dated October 25, 1973, the respondent granted reargument of the original motion and upon reargument adhered to the original decision of September 10, 1973.. (People v. Robinson, 75 Misc 2d 807.)
By decision and order dated October 30, 1973, in a criminal action involving a charge against the defendant, Nathaniel Thompson, for the alleged commission of the crime of assault in the third degree, the respondent granted a motion of the defendant to furnish a bill of particulars, setting forth, among other things, “ the name and address of each witness to the crime the People presently intend to call, provided that the *850 People have interviewed and procured a statement from said witness ” and directed the discovery of, among other things, “ any and all police reports containing statements of witnesses
By decision and order dated November 14, 1973, in a criminal action involving a charge against the defendant, Marco Pietrangelo, for the alleged commission of the crimes of leaving the scene of an accident without reporting and driving while intoxicated, the respondent granted a motion of the defendant for discovery of, among other things, ‘ ‘ all reports and documents prepared by the Police Department including the County Parkway police, in connection with this case ”.
The petitioner alleges, and it is not denied by the respondent nor by any of the attorneys for the respective defendants, that the District Attorney has no right to appeal the orders of the Mount Vernon City Court Judge. (CPL 450.20; Matter of Proskin v. County Ct. of Albany County, 37 A D 2d 279, affd. 30 N Y 2d 15.)
This court believes that the present proceeding presents three legal questions to be determined, namely:
(1) Is the remedy of writ or order of prohibition available to the petitioner ?
(2) If the first question is answered in the affirmative, should the respondent be prohibited from directing a discovery and inspection of “ any and all police reports containing statements of witnesses ” in respect to the case against James Bobinson; and from the discovery of “ any and all police reports containing statements of witnesses ” in connection with the case against Nathaniel Thompson; and from the discovery of “ the contents of any report made by the police officer complaining and/or any other police officer present at the time the defendant was arrested” in connection with the case against Marco Pietrangelo ?
(3) If the first question is answered in the affirmative, should the respondent be prohibited from directing the petitioner to furnish to the defendants in all three actions aforesaid, in advance of trial, the names and addresses of persons whom the District Attorney intends to call as witnesses ?
(1) The court finds that the writ or order of prohibition is an appropriate remedy to the petitioner in the factual situation involved in the proceeding at bar. (Matter of Lee v. County Ct. of Erie County, 27 N Y 2d 432; Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1.)
The order of the City Court of Mount Vernon directing the District Attorney to reveal the names of witnesses in three *851 cases on the calendar of the Mount Vernon City Court, and permitting the inspection of certain police reports containing statements of witnesses in said three eases, is nonappealable. If the People have not available to them the remedy of prohibition, in the event the City Judge should have erred, they have no redress of any kind. Law and justice do not countenance unchallenged perpetuation of substantial judicial error.
In the Lee case (supra) speaking for the majority of the Court of Appeals, Judge Scileppi prescribed conditions where an article 78 proceeding in the nature of prohibition was appropriate, stating at pages 436 and 437: “Although the use of the writ of prohibition has usually been limited to cases where a court acts without jurisdiction (see, e.g., Matter of Hogan v. Culkin, 18 N Y 2d 330, 335-336; People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24; People ex rel. Stafford v. Surrogate’s Ct., 229 N. Y. 495), it is equally true that ‘ function of the writ * * * [is] not merely to restrain an unwarranted assumption of jurisdiction, but also to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction. ’ (Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 8; see, also, People ex rel. Jerome v. Court of Gen. Sessions, 185 N. Y. 504; Quimbo Appo v. People, 20 N. Y. 531; CPLR 7802, subd. [a].) Additionally, in Matter of Culver Contr. Corp. v. Humphrey (268 N. Y. 26, 39-40) we said that the writ is an extraordinary remedy which 1 does not issue where the grievance can be redressed by ordinary proceedings at law or in equity or merely to prevent error which may be readily corrected on appeal. (People ex rel. Mayor v. Nichols, 79 N. Y. 582; People ex rel. Hummel v. Trial Term, 184 N. Y. 30; People ex rel. Livingston v. Wyatt [186 N. Y. 383], supra; People ex rel. Childs v. Extraordinary Trial Term, 228 N. Y. 463.) It is not available ordinarily as a method of premature appeal. Nevertheless, where the lower court is exceeding its jurisdiction and the writ or order furnishes a more effective remedy, it may be availed of although the error might be corrected by appeal. ’ In the instant case, the order striking the plea was clearly nonappealable to the Appellate Division; thus, if prohibition were not available to Lee, he would be forced to submit to trial without the benefit of his plea and if convicted raise his claim of privilege on his appeal from the judgment of conviction. ’ ’
In the Hogan case (supra) the Court of Appeals reversed in part and affirmed in part an order of the Appellate Division, First Department, which dismissed as a matter of law and not in the exercise of discretion a petition of the District Attorney
*852 of New York County for an order under article 78 of the Civil Practice Act prohibiting the Court of General Sessions of the County of New York from continuing to assume jurisdiction with respect to two proceedings on motions made by the intervener respondent to vacate two judgments of conviction rendered against him by the Court of General Sessions. In connection with the first conviction (i.e., the one in which the Court of Appeals reversed the Appellate Division and granted the order of prohibition), the court stated at page 8: “It was held below, and is insisted here, that prohibition cannot lie because the Court of General Sessions has general jurisdiction to vacate its own judgments in cor am nobis proceedings and a fortiori has jurisdiction to determine the sufficiency of the applications to sustain its jurisdiction to proceed further. These contentions overlook the function of the writ of prohibition, not merely to restrain an unwarranted assumption of jurisdiction, but also to restrain an inferior court from exceeding its authorized powers in a proceeding over which it has jurisdiction. That jurisdiction the court has exercised but in error has concluded with reference to the 1915 conviction that it may proceed further and upon the facts alleged, if they be established, vacate and set aside its judgment of conviction. This the court may not do without exceeding its jurisdiction, and the writ of prohibition may be used to restrain further proceedings in excess of jurisdiction. These rules were well stated in Matter of Culver Contrg. Corp. v. Humphrey (268 N. Y. 26, 39): ‘The order of prohibition is provided for by the Civil Practice Act (§§ 1341-1355) [now Civ. Prac. Act, art. 78, §§ 1283-1306]. These sections represent the codification of the common law writ of prohibition. The change is only of form and the order continues to be governed by the common law as to its nature, function and the facts governing its issuance. The remedy is an extraordinary one which lies within the discretion of the court. Although ordinarily employed to restrain a subordinate tribunal from entertaining a cause or proceeding over which it has no jurisdiction (People ex rel. Safford v. Surrogate’s Court, 229 N. Y. 495; People ex rel. Lemon v. Supreme Court, 245 N. Y. 24), it may be exercised also to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has jurisdiction. (Quimbo Appo v. People, 20 N. Y. 531; People ex rel. Jerome v. Court of General Sessions, 185 N. Y. 504.) ”
(2) This court, having determined that a writ or order of prohibition is a remedy available to the People, now turns to *853 the question as to whether or not the respondent City Judge should be prohibited from directing a discovery and inspection of “ any and all police reports containing statements of witnesses ” in respect to the case against James Bobinson, and from the discovery of ‘ ‘ any and all police reports containing statements of witnesses ” in connection with the case against Nathaniel Thompson; and from the discovery of “ the contents of any report made by the police officer complaining and/or any other police officer present at the time the defendant was arrested ’ ’ in connection with the case against Marco Pietrangelo.
. The discovery was sought under CPL 240.20 (subd. 3), the pertinent part of which provides: ‘‘ Discovery may be ordered with respect to any other property specifically designated by the defendant, except exempt property ” (emphasis supplied).
CPL 240.10 (subd. 3) defines “ exempt property ” as follows:
“ (a) reports, memoranda or other internal documents or work papers made by s * * police officers * * * in connection with the investigation, prosecution or defense of a criminal action, and
“ (b) records of statements made to such parties * * * by witnesses or prospective witnesses in the case.”
The Legislature of the State of New York clearly has stated its intention in CPL 240.10 (subd. 3, supra) that police reports and records of statements made to police officers by witnesses or prospective witnesses are exempt from any discovery by a defendant in a criminal case. The City Judge clearly exceeded his authorized powers in directing a discovery of police reports containing statements of witnesses and police reports of a complaining police officer or another officer present, and this court finds that an order of prohibition is appropriate and should be granted in order to prevent his unauthorized and illegal action.
Even the decision of Suffolk County Judge Signorelli in People v. Barnes (74 Misc 2d 743), relied upon by the defendants in the City Court actions, which directed the District Attorney to reveal the names and addresses of witnesses, recognized that CPL 240.10 (subd. 3) exempted witnesses’ statements from discovery.
(3) The last question with which this court is concerned is whether or not there should be an order prohibiting the Mount Vernon City Court Judge from directing the Westchester County District Attorney to furnish the names and addresses of the People’s witnesses in the three criminal matters which are the subject of this proceeding.
*854 The general rule adhered to by all County Judges having jurisdiction over criminal matters in Westchester County denies discovery of the names and addresses of the People’s witnesses prior to trial, in the absence of unusual or exceptional circumstances. (People v. Hvizd, 70 Misc 2d 654 [Couzens, J.]; People v. Vaughn, Indict. No. 73-01078, Jan. 3, 1974 [Caruso, J.]; People v. Beard, Indict. No. 929/72, Aug. 27, 1973 [Burchell, J.]; People v. Jones, Indict. No. 1105/71, June 7, 1973 [Wood, J.] ;■ People v. Manning, Indict. No. 524/73, Nov. 28, 1973 [Sullivan, J.]; People v. Collins, Indict. No. 833/72, Jan. 24, 1973 [Brewster, J.]). The foregoing decisions are typical of and in accord with the scores, or more, of decisions rendered by Westchester Countv Court Judges on the question at issue since the Criminal Procedure Law became effective on September 1, 1971. This court approves, and independently would follow, the guideline for judicial discretion adopted by the Westchester County Court Judges in this area of discovery, or non-discovery. This was also the rule followed by trial courts under the Code of Criminal Procedure (e.g., People v. Steinberg, 60 Misc 2d 1041; People v. Ricci, 59 Misc 2d 259; People v. McDonald, 59 Misc 2d 311; People v. Matera, 52 Misc 2d 674).
The record reveals no unusual or exceptional circumstances involved in the three cases in which the Mount Vernon City Court Judge directed the District Attorney to furnish in advance of trial the names and addresses of the People’s witnesses. As a matter of fact, the City Court Judge based his decision primarily on the ‘ ‘ Tentative Draft of Standards Relating To Discovery and Procedures Before Trial ” of the American Bar Association project on minimum standards for criminal justice and upon the decision of Suffolk County Judge ¡Signorelli in People v. Barnes (74 Misc 2d 743, supra).
It seems unusual for an inferior court judge, in the absence of higher authority, to disregard completely the decisions of the courts of record of his own county, upon the basis of one decision of a County Judge in another county and a recommendation of a Bar Association committee.
The City Judge, in the opinion of this court, also disregarded the apparent intent of the New York State Legislature which in 1936 repealed the then section 271 of the Code of Criminal Procedure which had required the names of witnesses to be endorsed on a felony indictment, thus evidencing a legislative intent that witnesses should be protected by not having their names revealed. This court believes also that the City Judge’s directive is inconsistent, in a general way, with the purpose of *855 section 215.70 of the Penal Law and CPL 190.25 (snbd. 4) making it a crime for any person to divulge any testimony of a witness which was given before a Grand Jury in the absence of a court order.
This court is of the opinion that in the balancing of the rights of the People and the rights of a victim of a crime against the rights of a defendant, the names of the People’s witnesses should not be disclosed before trial. In most criminal trials, one of the first things a defendant’s attorney states to the jury in his opening statement — and correctly so — is that the burden is upon the People to prove the guilt of the defendant beyond a reasonable doubt, and that the defendant is under no burden to prove anything. Inasmuch as the defendant has no burden to prove anything, and under the New York rule, as distinguished from the Federal rule, the People have few, if any, rights of discovery (even the People’s right to discovery of the names and addresses of alibi witnesses is no longer available [People v. Bush, 33 N Y 2d 921, Dec. 28, 1973]), in the opinion of this court it is unfair to the People to reveal to the defense before trial part of the People’s evidence. All courts properly are concerned that no innocent person shall be adjudged guilty. They should likewise be concerned that the percentage of guilty persons who “beat the rap”, so to speak, is not increased — it already is too high. Once defendants are permitted to pry into the People’s case before trial, in the judgment of this court, the balance between prosecution and defense will have swung too far against the People and the victims of crimes, resulting inevitably in a further increase in the number of persons who have committed crimes ‘ ‘ getting away with it”.
It should be borne in mind that many witnesses in criminal cases are not protected and insulated by place of residence, knowledge and confidence as to how to avoid or disengage themselves from an improper approach by reason of access to their own attorneys for advice, and otherwise, as are more affluent members of society who less often are called as witnesses in criminal trials. Many of these noninsulated witnesses, by reason of the foregoing factors, are in a position where they can be intimidated by persons associated with the criminal element if their identity and place of residence are not kept secret until time of trial.
This court, ab initio, would have decided the disclosure of witness question differently than the respondent City Judge. The Appellate Division, Second Department, however, recently *856 denied an application for an order of prohibition restraining Judges of the County Court of Suffolk from requiring the District Attorney to furnish the names and addresses of witnesses before trial (Matter of Aspland v. Judges of County Court of Suffolk, 42 A D 2d 930). This court interprets the aforesaid decision as one where the Appellate Division held that prohibition would not lie in a matter in which only the exercise of judicial discretion was involved (contrary to the different questions resolved in point 2 of this court’s decision). The Appellate Division decision does not change or weaken the “ Westchester rule ” (Mount Vernon excepted), where a contrary rule of discretion is followed, but it does inhibit this court from granting an order of prohibition against the directive of the respondent as to furnishing the names and addresses of witnesses.
The court suggests, however, that the learned City Judge might reconsider his decision, or grant a protective order, at least in the case of Nathaniel Thompson, in view of the record of Thompson for violence as set forth in the brief of the District Attorney. In fairness to the City Judge, it does not appear that he was made aware of this record when he directed the District Attorney to furnish the names and addresses of witnesses in connection with the assault charge against Thompson.
Accordingly, this court grants the relief sought by the petitioner to the extent of prohibiting respondent City Court Judge of the City of Mount Vernon from directing petitioner to permit the defendants Robinson, Thompson and Pietrangelo, or their attorneys, to be allowed to inspect police reports, police statements and statements of witnesses made to police officers in connection with the cases of .said three defendants. That part of the relief sought by the petitioner, for an order prohibiting the respondent City Judge from directing the District Attorney to furnish the names and addresses of the People’s witnesses, is reluctantly denied.