Ernest L. Signorelli, J.
Defendant, charged with two counts of murder and criminal possession of dangerous instruments and appliances as a misdemeanor makes this omnibus application to the court for multiple items of relief.
Among the many items of relief requested, defendant’s request for the names and addresses of potential prosecution witnesses is the only item of defendant’s application requiring extensive discussion and will therefore be treated first.
This court has previously granted applications for the names and addresses of prosecution witnesses over the District Attorney’s objection holding that: “Permitting pretrial discovery of potential prosecution witnesses will enhance the possibility of satisfactory pretrial dispositions in that counsel will be in a better position to investigate his case and advise his client with regard to the possibilities of success at trial. In addition, pretrial disclosure of the names of witnesses will enable counsel to better prepare for trial, avoid undue surprises, adequately cross-examine witnesses, and avoid unnecessary delays caused by inadequate preparation.” (People v Barnes, 74 Misc 2d 743, 744, writ of prohibition den Matter of Aspland v Judges of County Ct. of Suffolk County, 42 AD2d 930, mot for lv to app den 33 NY 2d 515.)
The People now, in addition to opposing the application, seek in the alternative the reciprocal discovery of the defendant’s potential witnesses. I have long held the view that widespread liberalized discovery and inspection procedures are in the best interests of our criminal justice system. See People v Barnes (supra); People v Rice (76 Misc 2d 632); People v Rice (77 Misc 2d 582). Furthermore, I now believe that it is apparent that there is a trend, not only in this jurisdiction, but throughout the country to liberalize criminal discovery procedures. (Wardius v Oregon, 412 US 470; People v Wright, 74 Misc 2d 419; People v Inness, 69 Misc 2d 429; People v Bennett, 75 Misc 2d 1040; People v Nicolini, 76 Misc 2d 47; United States v Percevault, 490 F2d 126; Proposed Rule 16 of the Fed Rules of Criminal Procedure; American Bar Assn Stds on Criminal Justice, Standards Relating to Criminal Discov *71 ery; Judicial Conference Report on the CPL, Appendix B, Memorandum and Proposed Statute Re Discovery, McKinney’s 1974 Session Laws of New York, p 1860 et seqNational Advisory Comm on Criminal Justice Stds and Goals, Std 4.9, 14 Cr L, pp 3001, 3007.)
The Supreme Court of the United States in Wardius made the following pertinent comment (pp 473-474): "Notice of alibi rules, now in use in a large and growing number of States, are based on the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial. See, e.g., Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth?, 1963 Wash. U. L. Q. 279; American Bar Association Project on Standards for Criminal Justice, Discovery and Procedure Before Trial 23-43 (Approved Draft 1970); Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L.J. 1149 (1960). The growth of such discovery devices is a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system. As we recognized in Williams, nothing in the Due Process Clause precludes States from experimenting with systems of broad discovery designed to achieve these goals. 'The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system, at least as far as "due process” is concerned, for [a rule] which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence.’ 399 U.S., at 82 (footnote omitted).”
Our own Court of Appeals expressed their feelings on disclosure in the case of People v Sandoval (34 NY2d 371, 375): "Revelation of the impeachment testimony and announcement of the trial court’s ruling in advance of trial are consistent with the objectives today of broad pretrial discovery and disclosure.”
Allowing defense counsel discovery of prosecution witnesses enhances the administration of criminal justice by avoiding trial delays and continuances, avoiding undue surprises at trial, allowing better trial preparation, facilitating plea negoti *72 ations, and assuring adequate knowledge of the facts for the ascertainment of the truth. Since prosecutorial discovery of defense witnesses promotes these very same interests, it too should be encouraged barring any violation of the defendant’s constitutional rights.
The two main arguments against prosecutorial discovery of defense witnesses are: (1) that it violates defendant’s privilege against self incrimination and (2) his right to due process of law.
In Williams v Florida (399 US 78) and Wardius v Oregon (supra) the Supreme Court laid to rest the due process argument. The court held that due process of law is not a bar to liberal “discovery procedures as long as discovery is fully reciprocal and balanced.
A defendant’s major constitutional argument concerns his privilege against self incrimination. In Williams v Florida (supra , pp 83-85) the Supreme Court held that requiring the defendant to disclose his alibi witnesses in advance of trial did not violate his privilege against self incrimination.
"The defendant in a criminal trial is frequently forced to testify himself and to call other witnesses in an effort to reduce the risk of conviction. When he presents his witnesses, he must reveal their identity and submit them to cross-examination which in itself may prove incriminating or which may furnish the State with leads to incriminating rebuttal evidence. That the defendant faces such a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination. The pressures generated by the State’s evidence may be severe but they do not vitiate the defendant’s choice to present an alibi defense and witnesses to prove it, even though the attempted defense ends in catastrophe for the defendant. However 'testimonial’ or 'incriminating’ the alibi defense proves to be, it cannot be considered 'compelled’ within the meaning of the Fifth and Fourteenth Amendments.
"Very similar constraints operate on the defendant when the State requires pretrial notice of alibi and the naming of alibi witnesses. Nothing in such a rule requires the defendant to rely on an alibi or prevents him from abandoning the defense; -these matters are left to his unfettered choice. That choice must be made, but the pressures that bear on his pretrial decision are of the same nature as those that would *73 induce him to call alibi witnesses at the trial: the force of historical fact beyond both his and the State’s control and the strength of the State’s case built on these facts. Response to that kind of pressure by offering evidence or testimony is not compelled self-incrimination transgressing the Fifth and Fourteenth Amendments.”
A defendant’s privilege against self incrimination is not absolute. It is well established that the State may require that the defendant be fingerprinted, photographed, appear in a lineup, give blood samples, submit to other physical inspections of his body, and disclose the nature of his defenses (alibi, mental disease or defect). The Indiana Supreme Court in a recent decision has adopted the reasoning of the Wardius case and held that reciprocity is the key principle in discovery. The court extended the Wardius case and affirmed the lower court orders providing for broad reciprocal discovery, including reciprocal discovery of witnesses’ names and addresses. (Keller v Criminal Ct. of Marion County, 16 Cr L 2155 [Ind].)
Former Chief Judge Roger Traynor of the California Supreme Court, a leader in the field of discovery while on the California bench, made the following comments concerning prosecutorial discovery: "One must keep in mind that in the event of a surprise defense, the prosecution in all likelihood would be granted a reasonable continuance to meet it. Certainly, such a continuance would not impair the privilege against self-incrimination or the due process requirements of a fair trial. Likewise, nothing is lost of the privilege, and much is gained in orderly procedure, if the defendant is required to give advance notice of the evidence he intends to offer in defense after he has himself received pretrial discovery of the prosecution’s case. He can hardly demand pretrial discovery and still insist on reserving his own surprises for the trial. The good coin of discovery gains in value when it is fairly exchanged at the appropriate procedural hours. Neither the privilege against self-incrimination nor the due process requirements of a fair trial fix the time when the prosecution has presented its evidence at the trial as the only procedural hour at which the defendant can be required to make his decision whether to remain silent or to present his defense. Surely he can be required to make that decision before trial if he is given discovery of the prosecution’s case before trial.” (Traynor, Ground Lost and Found in Criminal Discovery, 39 NYUL Rev 228, 248-249.)
*74 CPL 240.20 (subd 4) provides as follows: "Upon granting a defense motion for discovery with respect to property of a kind specified in subdivisions two and three, the court may, upon motion of the people showing such to be material to the preparation of their case and that the request is reasonable, condition its order of discovery by further directing discovery by the people of property, other than exempt property, of the same kind or character as that authorized to be inspected by the defendant, which is within the possession, custody or control of the defendant and which he intends or is likely to produce at the trial.” The Practice Commentary to this section (Richard G. Denzer, McKinney’s Cons Laws of NY, Book 11A, CPL 240.20, pp 468-471) indicates that it is the feeling that this section does not violate the privilege against self incrimination since it only requires disclosure of material defendant intends to introduce as evidence at trial, in effect adopting the timing argument used by the court in Williams v Florida (supra).
In my opinion, the defendant’s privilege against self incrimination would not be violated by requiring her to reciprocally disclose the names and addresses of her witnesses upon receiving like material from the District Attorney. Widespread reciprocal discovery enhances the administration of justice by avoiding unnecessary trial delay and assuring that both sides have the opportunity to fully investigate all the material facts so that the truth may be discovered in our adversary system.
Accordingly, defendant’s application is granted to the extent that the People are directed to provide the defendant with a list of the names and addresses of the People’s witnesses within 10 days from the date of this decision providing the defendant similarly furnishes the People with a list of the names and addresses of the defendant’s witnesses. Either party may make application to the court for a protective order for a particular witness.
The remaining items of relief requested in defendant’s application are determined as follows:
1. Defendant moves to dismiss the indictment upon the ground that the evidence before the Grand Jury was insufficient and that the Grand Jury was not instructed properly with respect to the law.
Defendant’s application is granted to the extent that the court has read and considered the Grand Jury minutes and finds therein sufficient legal evidence to support the indict *75 ment. Defendant’s application to dismiss the indictment is accordingly denied.
2. Defendant’s application for the discovery and inspection of police laboratory reports and the autopsy report of the deceased is denied as moot, the District Attorney having provided the requested material in his reply affidavit.
3. Defendant’s application for the discovery and inspection of any written or oral statements made by the defendant to law enforcement officers is granted. The District Attorney is directed to provide the defendant within 10 days from the date of this decision with any written statements and the substance of any oral statements made by the defendant to law enforcement officers.
4. Defendant’s application for the discovery of the prior criminal record, if any, of the deceased, Floyd B. Lacey, is granted. The District Attorney is directed to provide same within 10 days from the date of this decision.
5. Defendant’s application for the suppression of any written or oral statement allegedly made by the defendant to law enforcement officers is denied at this time with leave to renew same upon proper papers setting forth factual allegations to support her claim.