Herbert B. Ray, J.
Defendant, charged with resisting arrest, moves for disclosure of numerous items. The information alleges that the defendant had been placed under arrest for driving while intoxicated, and, while the troop car was stopped along Route 81 at about 3:50 a.m., the defendant got out of the car and there ensued a struggle with the arresting officer. Defense counsel’s statement at the hearing on the motion would seem to indicate a claim by defendant that the object or cause of the struggle was to relieve himself. Wide disclosure is sought, and particularly in connection with per *145 sons who may have been witnesses to the occurrence which resulted in the charge of resisting arrest, to wit: persons in car(s) stopped by the State police on the other side of the road that had caused the patrol car in which the defendant rode to stop.
Defendant’s counsel argues that the witnesses are known to the police and there is no way the defense can find out who was stopped in the middle of the night and witnessed the occurrence. The Assistant District Attorney argues that the information sought is exempt property under the statute and also that by giving out witnesses’ names it would generally discourage people from being witnesses if they knew they were going to be bothered by inquiries from the defense. There is no claim that the witnesses would be intimidated or other compelling circumstances not to give witnesses’ names except on the general ground above.
The ultimate goal of the judicial process is to arrive at truth. The prosecutor is a quasi-judicial officer of the court and is bound by this responsibility to seek justice even before convictions.
Pretrial discovery in criminal cases is a relatively new development in New York, but its application is being extended more broadly as courts recognize from experience with it that it enhances the search for truth which is the objective of the trial. The old reasons for denying discovery are no longer valid, and trial courts have decided that the time is now for discovery in many situations where it had not been granted before. (People v Wright, 74 Misc 2d 419.)
Discovery of witnesses’ names and addresses rests within the discretion of the trial court. (People v Bennett, 75 Misc 2d 1040.)
The prosecutor cites Matter of Vergari v Kendall (76 Misc 2d 848), but this case reaffirms that disclosure of names and addresses was a matter within the court’s discretion. Moreover, the Vergari decision dealt as the court stated with a case where the record revealed no unusual or exceptional circumstances. Also the Vergari decision seemed to have a real concern for the witnesses’ welfare in view of one of the defendant’s record of violence.
There is no claim in the instant case that the witnesses are going to be tampered with or threatened, merely that they might be bothered by inquiries from the defense. The court feels that such inquiry here would be quite legitimate by the *146 defense and also that witnesses to an event have certain citizenship responsibilities which transcend their inconvenience.
It is asserted that the defendant knows what he did, so that the witnesses need not be inquired of, but at the very time when the defendant is alleged to have had this competence to know what he did, the defendant was already under arrest for intoxication — a condition which has been known to affect some persons’ power of memory.
The circumstances of this case cause the court to direct the production of the "names and address of any witnesses in another vehicle stopped by the State Police on Route 81 at the time when and place where defendant allegedly resisted arrest.”
. Defendant also moves for discovery of all written statements made by him, signed or unsigned, and all tape recordings of statements made by the defendant. The prosecution admits to the right of the defendant to the former but denies the existence of the latter, and accordingly, the motion for such tape recordings is denied.
Defendant further moves for "handwritten notes made by the police or other investigating officers of their conversations with the defendant.” The prosecution opposes such disclosure.
The statute mandates that discovery must be ordered with respect to "a written or recorded statement made by the defendant to a public servant engaged in law enforcement activity or to a person then acting under his discretion or in cooperation with him, which statement is within the possession, custody or control of the district attorney, and is known by him to exist or should by the exercise of due diligence on his part become known to him to exist.” (CPL 240.20, subd 1, par [b].)
The manner in which the defendant’s oral statements have been written or recorded is immaterial. If they are summarized, abridged, referred to, or reflected in any book, record or paper in the possession of law enforcement personnel, they are subject to discovery. (People v Utley, 77 Misc 2d 86; People v McMahon, 72 Misc 2d 1097; People v Zacchi, 69 Misc 2d 785; People v Bennett, 75 Misc 2d 1040.)
In the event that such statement is contained in a report or memorandum which might be deemed "exempt property”, such portions may be excised or redacted prior to the defend *147 ant’s examination of the same. (People v Bennett, supra.) There is of course the limitation on production of such statements to those given to the persons named in the statute and possession by the District Attorney or his knowledge of their existence with due diligence.
Defendant further moves for "copy of the crime reports, together with copies of all reports written by officers investigating the crime involved in the above-entitled action.” The prosecution claims that discovery is prohibited by the statute.
CPL 240.20 (subd 3) provides that "discovery may be ordered with respect to any other property specifically designated by the defendant, except exempt property” upon a showing of materiality and reasonableness.
CPL 240.10 (subd 3) defines exempt property as "(a) reports, memoranda or other internal documents or work papers made by district attorneys, police officers or other law enforcement agents, or by a defendant or his attorneys or agents, in connection with the investigation, prosecution or defense of a criminal action.”
The definition of "exempt property” does not encompass routine police reports containing information and which are required to be filed in the normal course of business by a police agency’s regulations. This type of report should be distinguished from the actual work product of either the District Attorney or the police. Work products encompass such material as legal opinions, theories, statements of witnesses, and other non-factual information pertaining to the investigation and prosecution of the criminal case. Such material is nondiscoverable as exempt property. People v Rice, 76 Misc 2d 632; People v Wright, 74 Misc 2d 419; People v Inness, 69 Misc 2d 429.) The production of the former is allowed and the latter is denied.
Defendant further moves for disclosure of numerous other material, including: witnesses’ statements, notes or memoranda by police officers of witnesses’ statements, photographs of defendant (except mug shots), names and address of persons interviewed by the District Attorney’s office.
It is held that, under the discovery statute, such items above are exempt property and that there is no showing that such property is material to the preparation of the defendant’s defense and that the request is not reasonable. Accordingly, absent constitutional considerations, such material need not be supplied.
*148 Defense counsel requests the court to order any material above which would be allowed under the decision in Brady v Maryland (373 US 83.) The prosecution does not concede to the request and cites the language of the discovery statute including the prohibition against supplying exempt property.
The genesis of Brady is found in the incorporation of the concept of "fair play” into the constitutionally mandated requirement of fair trial. (People v Wright, supra.) It is a violation of due process, under the Brady decision, for the prosecution to suppress evidence favorable to an accused upon the request of the defense.
Under Brady, the constitutional requirements supersede the statutory limitations including that of exempt property.
Evidence which is favorable to the defendant belongs to him. (People v Bottom, 76 Misc 2d 525.)
The rationale underlying this rule is that conduct detrimental to the integrity of the judicial system must be deterred (People v Sawides, 1 NY2d 554), and withholding from a person accused of crime evidence which is rightfully his curtails his participation in the search for truth and thereby impairs the validity of the fact finding process (Simos v Gray, 356 F Supp 265.)
It is difficult to comprehend how we could consider that the defendant had a fair trial if the prosecution secretly held in its possession statements of witnesses or other evidence indicating that the defendant was not attempting to resist arrest but only to relieve himself. To maintain such to be the case is consistent only with an entirely different view of the objectives of the judicial system and of an officer of the court, the District Attorney.
By the very nature of the criminal procedure system, the prosecution will frequently be in possession of material which may be favorable to the defendant. Certainly the defendant was not in a position in the middle of the night, surrounded by police officers, under arrest and in his alleged condition, to collect statements. There was an uneven situation here. If the prosecution has statements or memoranda or names of the persons favorable to the defendant, then if the trial is to be a quest for truth, the defendant cannot be denied such material favorable to him. No respectable interest of the State is served by concealment of such information.
Defendant has made his "request” for any Brady material *149 in the possession of the District Attorney. Although there is no direction as to timing for production of the material, the rationale behind requiring the disclosure requires prompt production so that any such material may be used by defendant to its fullest at the trial.
Defense counsel cites the dilemma of who should determine whether the material is exculpatory. It is the feeling of the court that the District Attorney as an officer of the court is cognizant of his obligation to it and may be relied upon to provide such material. If through an inadvertent mistake the same should not occur, defendant would have an appropriate remedy at trial.
The District Attorney shall produce all the items allowed herein within two weeks from date hereof.
Motion in connection with supporting deposition is denied, in view of the Assistant District Attorney’s indication that a new deposition is to be forthcoming shortly and defense desire for disclosure under other sections of the CPL, with right to renew said motion under same or different statutes for information requested after service of supporting deposition or two weeks from this date, whichever occurs earlier.