OPINION OF THE COURT
Sherwood L. Bestry, J.
Defendant, charged with a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law (driving while intoxicated), moves pursuant to CPL 240.20 (subd 3) for a "discovery” of the blood sample taken from the defendant, after his arrest, pursuant to section 1194 of the Vehicle and Traffic Law.
The blood sample was defendant’s property prior to being extracted. We rule that the blood sample is not exempt property as that term is defined in CPL 240.10 (subd 3).
*638 The People’s witness, a chemist, on trial, will testify as to the alcoholic content of said sample, and will be offered as an expert witness.
The defendant should have the right to call his own expert witness to testify as to the result of any scientific tests he has made with reference to alcoholic content of the blood sample.
There is no difference between the right to challenge the reliability of the People’s chemical test here, than was present with respect to drugs in People v White (40 NY2d 797).
This court does not know whether the mere passage of time will cause a change in the alcohol content of the blood, but that is a scientific matter, proof of which can be offered at the trial.
However, the physical evidence (the blood sample) is subject to damage or alteration. (See People v Innes, 69 Misc 2d 429, 431.)
Therefore, the motion of the defendant is granted upon certain conditions. The People shall furnish to the defendant’s attorney a portion of the blood sample, of sufficient quantity to enable defendant’s expert to perform independent testing, but that portion of the entire sample shall not be so large as to, in any way, chemically alter or modify the remainder to be retained by the People.
In the event that furnishing a portion of said sample will alter or modify the remaining portion, chemically, then the People shall furnish the defendant an opportunity to have his expert travel to the laboratory where said blood is situated, and make his independent test there, under such conditions as the superintendent of such laboratory shall direct.
The People and defendant shall confer upon the arrangements, and if no agreement as to method shall be forthcoming, either party shall apply to the court for further instructions.